Darden v. Barkley 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-135-CV

Â Â Â Â Â MARY DARDEN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â ROBERT FERGUSON BARKLEY,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 19th District Court
McLennan County, Texas
Trial Court # 86-2439-1
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â Â Â Mary Darden (formerly Mary Barkley) filed a motion to clarify her ex-husband's
obligation under this provision of their divorce decree: "As part of his child support obligation,
[Robert Barkley] agrees to assume and is therefore ORDERED to pay all costs and expenses for
private school education for the children." Following a hearing, the court purportedly "clarified"
the provision by ordering Barkley to pay only one-half of the costs of the children's private
education. Darden contends that the court violated section 11.22 of the Family Code when it made
a substantive change in the provision under the guise of clarifying it. We reverse and remand.
Â Â Â Â Â Â If the court finds that an order, decree, or judgment is not specific enough to be enforced by
contempt, it may clarify its terms to make it enforceable. Tex. Family Code Ann. Â§ 11.22(a),
(b) (Vernon Supp. 1992). But, in doing so, it "may not change the substantive provisions of the
order, decree, or judgment that it clarifies under this section, and such a change is not
enforceable." Id. Â§ 11.22(c).
Â Â Â Â Â Â Despite the explicit prohibition against using a clarification order to make substantive changes
in the original decree, Barkley argues that the court could modify the provision under the
admonition in section 14.07 that "[t]he best interest of the child shall always be the primary
consideration of the court in determining questions of . . . support of . . . the child." See id. Â§
14.07(a). To accept that argument would make the prohibition meaningless. We must enforce
the legislative intent expressed in the plain language of the prohibition: The court cannot make a
substantive change in a prior decree by a clarification order, and any attempt to do so shall be
unenforceable. See id. Â§ 11.22(c); Lastor v. City of Hearne, 810 S.W.2d 742, 743 (Tex.
App.âWaco 1991, writ denied).
Â Â Â Â Â Â By reducing Barkley's obligation by one-halfâi.e., from paying "all costs" of private
education to paying only one-half of the costsâthe court made a substantive change in the
provision it was supposedly clarifying. The order is unenforceable. See id. We sustain Darden's
third point and do not reach her remaining points.
Â Â Â Â Â Â We reverse the order and remand the cause for a new trial. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice
Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, 
Â Â Â Â Â Â and Justice Vance
Reversed and remanded
Opinion delivered and filed April 15, 1992
Do not publish



an
style='font-family:Palatino'>The test for probable cause for a warrantless
arrest is whether, at that moment, the facts and circumstances within the
officers knowledge and of which the officer had reasonably trustworthy
information were sufficient to warrant a prudent man in believing that the
person had committed an offense.Â  Torres v. State, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005); State v. Crisp, 74 S.W.3d 474, 483 (Tex. App.ÂWaco 2002, no
pet.).

The trial court made no findings; it could have
implicitly found that DixonÂs intent was to place Moore in fear of imminent
serious bodily injury.Â  By adding that the jogger had saved MooreÂs life, DixonÂs threat was not purely conditional because it suggested immediate consequences
sufficient to create fear of imminent serious bodily injury.Â  See Devine v.
State, 786 S.W.2d 268, 270-71 (Tex. Crim. App. 1989). Â The arresting
officers could have reasonably believed that it was more likely than not DixonÂs intent to communicate to Moore that had the jogger not been there, he would have
killed her for lying to him.Â  We agree with the State that under the
circumstances of this case, Officers Frost and Scaramucci had probable cause to
arrest Dixon without a warrant.Â  The officers had reasonably trustworthy
information from their investigation that Dixon had made a terroristic threat
involving family violence.

Â Â Â Â Â Â Â Â Â Â Â  Having found the warrantless arrest to
be legal, we need not address DixonÂs third argument, which is that consent
following an illegal arrest requires that consent was freely and voluntarily
given and was not tainted by the illegal police conduct.Â  See Brick v.
State, 738 S.W.2d 676, 677 (Tex. Crim. App. 1987).




Â Â Â Â Â Â Â Â Â Â Â  We overrule DixonÂs sole issue and affirm
the trial courtÂs judgment.

Â 

Â 

BILL VANCE

Justice

Â 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed April 9, 2008

Do
not publish

[CR25]