**Dorothy Jo LASTOR, Appellant,**

v.

**CITY OF HEARNE, et al., Appellees.**

**No. 10–90–032–CV.**

Court of Appeals of Texas, Waco.

March 28, 1991.

Rehearing Overruled May 16, 1991.

Bryan F. Russ, Jr., Hearne, for appellant.

Arthur L. Walker, Austin, for appellees.

Before THOMAS, C.J., and McDONALD and JAMES, JJ. (Ret.).

## OPINION

THOMAS, Chief Justice.

The so-called "Texas Whistle Blower Act" prohibits a local government from terminating an employee for reporting "a *violation of law* to an appropriate law enforcement authority if the employee report is made *in good faith*." TEX.REV.CIV.STAT. ANN. art. 6252–16a, § 2 (Vernon Supp.1991) (emphasis added). The question is whether a city violates the Act by terminating an employee for reporting an incident which is not a violation of law but which the employee in good faith believes to be a violation of law. We hold that the legislature intended to protect an employee from termination if the report was based on a good-faith belief that the incident was a violation of law.

A jury found that the City of Hearne maliciously terminated Dorothy Lastor as its city manager for reporting "a violation of law" in "good faith," and awarded her actual damages, punitive damages, and attorney's fees. Notwithstanding the verdict, the court entered a take-nothing judgment in the City's favor after concluding that Lastor was not protected by the Act because the reported incident was not, in fact, a violation of law. The judgment will be reversed and a judgment rendered in Lastor's favor.

■ Ordinarily, an unambiguous statute must be construed and enforced as written. *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). The City argues for a literal interpretation of the explicit requirement that the reported incident be, in fact, a violation of law. *See* TEX.REV.CIV.STAT. ANN. art. 6252–16a, § 2 (Vernon Supp. 1991). Under the City's view, Lastor was not protected by the Act because the evidence conclusively established that the incident she reported in good faith was not a violation of law.

■ Departing from the strict letter of a statutory provision is necessary, however, when its literal enforcement would thwart the legislative purpose reflected by the statute as a whole. *Crimmins v. Lowry,* 691 S.W.2d 582, 584 (Tex.1985). Unre-

strained by the literal wording of its provisions, the Act as a whole clearly evidences an all-encompassing legislative intent to *encourage* government employees to "blow the whistle" on governmental *wrongdoing* by protecting from retaliation those who act in *good faith*. That the legislature would, on one hand, encourage employees to make good-faith reports of wrongdoing and, at the same time, jeopardize their livelihood if they happen to be wrong is incomprehensible. What could be more destructive of the legislature's purposes than to require that the employee be right on the pain of losing his job? Conscientious government employees could find scant encouragement in such an interpretation of legislative intent. An interpretation more in harmony with legislative purposes is to extend the Act's protection to employees who in good faith believe they are reporting a violation of law, regardless of whether their belief is correct.

Our interpretation of legislative intent is buttressed by the rule that requires a statute to be interpreted, if possible, to give effect to its every word and phrase. *See Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963). The "good faith" requirement would be superfluous and meaningless under the City's literal interpretation of "violation of law." Logically, if an actual violation of law is reported, then even an admittedly venal intent in reporting it would not forfeit the Act's protection. The good-faith requirement can be given effect only if it protects the employee from retribution for reporting an incident that turns out not to be a violation of law. Thus, the legislature would not have included the good-faith requirement if it had intended the violation-of-law requirement to be literally interpreted.

■ Consequently, "violation of law" will not be given a literal interpretation. Thus, the court erred when it concluded as a matter of law that Lastor was not protected by the Act because the incident reported was not an actual violation of law. She was entitled to a judgment based on the finding that she reported a violation of law in good faith. The first two points are sustained. Points three through five are not reached because under our interpretation we need not decide whether the incident reported was an actual violation of law. Finally, points six and seven are sustained because the court erred when it disregarded findings supported by the evidence which entitled Lastor to a judgment. *See Trenholm v. Ratcliff*, 646 S.W.2d 927, 931 (Tex.1983).

The take-nothing judgment in favor of the City is reversed and a judgment rendered against the City in favor of Lastor for $178,772 actual damages, $25,000 punitive damages, court costs, interest when and at the rate permitted by law, and the following attorney's fees: $50,000 through the conclusion of the trial; an additional $15,000 through final action on a motion for a rehearing of this opinion, if denied; an additional $10,000 if the City applies for a writ of error to the Texas Supreme Court; and an additional $10,000 if a writ of error is granted.