**Sylvia LLANES, Appellant,**

v.

**CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT, Appellee.**

**No. 13–00–463–CV.**

Court of Appeals of Texas, Corpus Christi.

Dec. 20, 2001.

Rehearing Overruled Jan. 24, 2002.

---

Edward Tony A. Conners, Jefferson K. Brim, III, Brim, Arnett & Robinett, Austin, for appellant.

Annalyn G. Smith, Beverly Susan Swallows, Bracewell & Patterson, Corpus Christi, for appellee.

BEFORE: Chief Justice VALDEZ and Justices YAÑEZ and RODRIGUEZ.

## OPINION

RODRIGUEZ, Justice.

Sylvia Llanes brought suit against Corpus Christi Independent School District (CCISD), asserting wrongful termination under the Texas Whistleblower Act (the Act) and breach of contract. See TEX. GOV'T CODE ANN. § 554.001–.010 (Vernon Supp.2001). CCISD filed a motion for summary judgment, which was granted as to the claim under the Act. The court severed the breach of contract claim from the claim under the Act, making the summary judgment final. Llanes challenges the summary judgment by two issues. We affirm.

Llanes worked for CCISD as a secretary to the associate superintendent for business and support services. She applied for a different position within CCISD, but did not get the job. Llanes complained about the hiring process, believing it to be unfair. Both her supervisor and the superintendent told her that no CCISD policy had been violated. Less than two months later, she was terminated.

Llanes sued for wrongful termination under the Act and for breach of contract. CCISD filed a traditional and no-evidence summary judgment motion, asserting, *inter alia*, the Act claim failed as a matter of law because Llanes did not report a specific law which was violated, and no evidence existed to show "a violation of law" was reported, as required by the Act. The trial court granted summary judgment on Llanes's cause of action under the Act without specifying the reason for the ruling. The court denied summary judgment on the breach of contract claim, severed it, and ordered it abated until all appeals on the cause of action under the Act became final. This appeal ensued.

When a traditional summary judgment motion is brought under rule 166a(c) of the Texas Rules of Civil Procedure, the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. See *American Tobac-*

co, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997); Ford v. City of State Bank of Palacios, 44 S.W.3d 121, 127 (Tex.App.—Corpus Christi, 2001, no pet.). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. See American Tobacco, 951 S.W.2d at 425; Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985). Every reasonable inference must be indulged in favor of the nonmovant and any doubts must be resolved in favor of the nonmovant. See American Tobacco, 951 S.W.2d at 425; Nixon, 690 S.W.2d at 548–49. A defendant's motion for summary judgment should be granted if he disproves at least one essential element of each of the plaintiff's causes of action, or if he establishes all elements of an affirmative defense. See American Tobacco, 951 S.W.2d at 425; Ford, 44 S.W.3d at 127. Once the movant establishes its right to summary judgment as a matter of law, the burden shifts to the nonmovant to offer an issue or evidence that would preclude summary judgment. See City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex.1979).

■ When a party moves for summary judgment under Texas Rule of Civil Procedure 166a(i) asserting there is no evidence of one or more of the essential elements of the nonmovant's claims, the movant does not bear the burden of establishing each element of its own claim or defense. See Tex.R.Civ.P 166a(i). Instead, the burden shifts to the nonmovant to present evidence raising a genuine issue of material fact in support of the challenged elements, thereby precluding summary judgment. City of Houston, 589 S.W.2d at 678.

■ If a summary judgment is granted generally, without specification of the reason, it will be upheld if any ground for summary judgment can be sustained. See Bradley v. State ex rel. White, 990 S.W.2d 245, 247 (Tex.1999); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex.1989); Weakly v. East, 900 S.W.2d 755, 758 (Tex.App.—Corpus Christi 1995, pet. denied).

By her first issue, Llanes contends the trial court erred in granting summary judgment as to her claim under the Act.

■ The Act prohibits a governmental employer from terminating an employee who in good faith reports a violation of the law by the employing governmental entity or another public employee to an appropriate law enforcement authority. Tex.Gov't Code Ann. § 554.002(a) (Vernon Supp. 2001); Gold v. City of College Station, 40 S.W.3d 637, 643–44 (Tex.App.—Houston [1st Dist.] 2001, no pet.). This statute is designed to enhance openness in government and compel the government's compliance with the law by protecting those who inform authorities of wrongdoing. See Travis County v. Colunga, 753 S.W.2d 716, 718–19 (Tex.App.—Austin 1988, writ denied). Hence, we interpret this statute liberally, and in accordance with its remedial purpose. Castaneda v. Texas Dept. of Agric., 831 S.W.2d 501, 501 (Tex.App.—Corpus Christi 1992, writ denied); see Burch v. City of San Antonio, 518 S.W.2d 540, 544 (Tex.1975).

■ Llanes maintains she satisfied the first element of a Whistleblower claim as she reported an alleged violation of law to an appropriate authority. According to Llanes, the Act does not require a whistleblower to identify a specific law when making a good-faith report. CCISD counters that, to maintain a cause of action under the Act, there must be some law or policy in place prohibiting the reported conduct. Section 554.001(1) defines "law" as "a state or federal statute, an ordinance passed by local government body, or a rule adopted under a statute or ordinance."

*See* Tex.Gov't.Code.Ann. § 554.001(1) (Vernon Supp.2001). We have interpreted the phrase "reports a violation of the law" to include any disclosure of information regarding a public servant's employer tending to directly or circumstantially prove the substance of a violation of criminal or civil law, the state or federal constitution, statutes, administrative rules or regulations. *See Castaneda*, 831 S.W.2d at 503–04.

Here, Llanes reported that "the hiring process violated board policy and the law." She believed the process was illegal because top administrators directed the hiring of a specific person, interviews were conducted outside of the hiring process, job requirements were changed to meet a specific person's qualifications, and the hiring committee was composed of administrators who had expressed a preference for a specific person. Llanes did not state that this conduct violated a specific law or policy, and does not direct this Court to any law or policy prohibiting the complained of conduct.

Llanes contends there is no requirement that an actual violation of law occurred. Instead, she maintains that she is protected under the Act so long as she held a good-faith belief that a violation of law occurred.

■■■ In *Castaneda v. Texas Dept. Of Agriculture*, 831 S.W.2d 501, 504 (Tex. App.—Corpus Christi 1992, writ denied), we considered whether an employee had a good faith belief that a legal violation occurred. *Id.* We noted that in *Lastor v. City of Hearne*, 810 S.W.2d 742, 744 (Tex. App.—Waco 1991, writ denied), the court of appeals held that an "employee could seek relief despite the fact that an investigation revealed that technically no legal violation occurred." *Castaneda*, 831 S.W.2d at 504 (citing *Lastor*, 810 S.W.2d at 744). Thus, when an employee believes

and reports in good faith that a violation has occurred, but is wrong about the legal effects of the facts, he is nevertheless protected by the Act. *Id.*

In *Castaneda*, an additional argument was made that the employee failed to report a violation of law. *Id.* at 505. The court noted that elements of several offenses and civil claims were alleged, and then gave examples of laws that were potentially violated. *Id.* Thus, in *Castaneda*, we implicitly recognized that the conduct reported by the employee must implicate some law for the employee to be protected under the Act.

Llanes also notes that an employee need not identify a specific law when making a report, citing, among other cases, *Ruiz v. City of San Antonio*, 966 S.W.2d 128, 130–31 (Tex.App.—Austin 1998, no pet.), and *City of Brenham v. Honerkamp*, 950 S.W.2d 760, 763 (Tex.App.—Austin 1997, writ denied). In *Ruiz*, the appellant alleged that he reported theft, stealing, and criminal conspiracy, and that all of the conduct he reported violated the Texas Penal Code. *Ruiz*, 966 S.W.2d at 130–31. The court held that it was immaterial that the appellant did not specify particular provisions of the penal code, so long as the appellant "clearly alleged the reported conduct violated a criminal statute." *Id.* at 131. In *Honerkamp*, the court of appeals explained that "[a] person seeking to impose liability under the Act need not prove that a violation of law actually occurred." *Honerkamp*, 950 S.W.2d at 763.

■■■ Though an employee need not identify a specific law when making a report, and need not establish an actual violation of law, there must be some law prohibiting the complained of conduct to give rise to a Whistleblower claim. Otherwise, every complaint, grievance, and misbehavior could support a claim under the

Act. Thus, to recover under the Act, an employee must have a good-faith belief that a law, which in fact exists, was violated. Llanes's first issue is overruled.

■ By her second issue, Llanes claims she, in fact, identified a law she believed was violated. In her response to the motion for summary judgment, Llanes identified a school board policy which she believed was violated. Attached to Llanes's response to the motion for summary judgment is a one page document labeled "Employment Objectives: Equal Opportunity Employment." This is apparently the school board policy Llanes complains was violated. The document provides, in part:

> Equal employment opportunity can only be fully achieved through continuing affirmative action efforts in every department, program, division, and building in the school district.

> Affirmative action is defined as the overall conceptual philosophy of the District regarding the hiring, promotion, and recruitment of personnel, the purpose of which is to ensure fair employment practices. The District recognizes its legal, moral, and social obligation to provide equal employment opportunities to all segments of the community. Affirmative action shall be taken to ensure compliance with this policy.

A rule constitutes a law for purposes of the Act if it is adopted under a statute or ordinance. *See* TEX.GOV'T.CODE.ANN. § 554.001(1) (Vernon Supp.2001). Llanes contends this policy was enacted pursuant to the Texas Education Code. *See* TEX.

EDUC.CODE ANN. § 11.163 (Vernon 1996). Without deciding whether this policy constitutes a rule under a statute or ordinance, we conclude the policy does not purport to prohibit any of the complaints raised by Llanes. She did not allege any type of class discrimination. Instead, she complained that the hiring process was unfair because administrators directed the hiring of a specific person, interviews were conducted outside of the hiring process, job requirements were changed to meet a specific person's qualifications, and the hiring committee was composed of administrators who had expressed a preference for a specific person. None of these complaints could be construed as implicating the board policy.

CCISD was entitled to summary judgment on the Whistleblower claim because there is no evidence that she reported an alleged violation of law. Furthermore, CCISD was entitled to summary judgment because it established, as a matter of law, that Llanes did not report an alleged violation of law. Accordingly, the trial court did not err in granting summary judgment on Llanes's claim under the Texas Whistleblower Act. The judgment of the trial court is AFFIRMED.

Dissenting opinion by Justice YAÑEZ.

YAÑEZ, Justice, dissenting.

The majority holds that the trial court properly granted summary judgment on Llanes's Whistleblower claim because CCISD established, as a matter of law, that Llanes did not report an alleged violation of law.[1] It further holds that although

---

1. The majority opinion also states that CCISD sought, and established its entitlement to, a "no evidence" summary judgment pursuant to rule 166a(i). *See* TEX.R.CIV.P. 166a(i). However, CCISD's motion makes no reference to a "no-evidence" motion or rule 166a(i). It urges that Llanes cannot prove an essential element of her Whistleblower cause of action and attaches excerpts of Llanes's deposition testimony as summary judgment evidence. Accordingly, I would characterize CCISD's motion as urging a "traditional" summary judgment.

an employee need not establish an actual violation of law, "there must be some law prohibiting the complained-of conduct" to establish such a claim. The majority also holds that the conduct of which Llanes complains is not implicated in the district's equal employment policy. Because I would hold that CCISD failed to establish as a matter of law that Llanes did not report a violation of law, I respectfully dissent.

The Whistleblower Act ("the Act") prohibits a governmental employer from suspending or terminating a public employee who in good faith reports a violation of law. TEX.GOV'TCODE ANN. § 554.002(a) (Vernon Supp.2001). The Act defines "law" as: "(A) a state or federal statute; (B) an ordinance of a local governmental entity; or (C) a rule adopted under a statute or ordinance." *Id.* § 554.001(1). This Court has interpreted the phrase "reports a violation of law" to include "any disclosure of information regarding a public servant's employer tending to directly or circumstantially prove the substance of a violation of criminal or civil law, the State or Federal Constitution, statutes, administrative rules or regulations." *Castaneda v. Texas Dep't of Agric.*, 831 S.W.2d 501, 503–04 (Tex.App.—Corpus Christi 1992, writ denied).

In *Castaneda*, we held that the Whistleblower Act should be construed liberally in accordance with its remedial purposes of enhancing openness in government and protecting governmental employees who report wrongdoing. *Id.* at 503. In *Castaneda*, the plaintiff, a former employee of the agriculture department, complained of the promotion of employees based on political involvement, the use of State funds to mail "Mexican American Democrat junk mail," and the use of State funds to carry out an affair between a supervisor and another employee. *Id.* at 502–03. This Court held that the Act "protects an employee who believes and reports in good faith that a violation has occurred, but is wrong about the legal effect of the facts, and is later discharged." *Id.* at 504. This Court also held in *Castaneda* that the defendant failed to establish the plaintiff did not report a violation of law, noting that "elements of several offenses and civil claims were alleged." *Id.* at 505. In the present case, the majority concludes that by noting in *Castaneda* that the plaintiff's allegations included elements of several offenses and claims, this Court "implicitly recognized that the conduct reported by the employee *must implicate some law* for the employee to be protected under the Act." (emphasis added). Thus, the majority holds that to recover under the Act, "an employee must have a good-faith belief that a law, *which in fact exists*, was violated." (emphasis added).

The majority's view adopts the position urged by CCISD that to recover, a plaintiff must have "a good-faith belief that a law, *which does exist*, was violated." (emphasis in original). In support of its position, CCISD cites the Act, *Davis v. Ector County*, 40 F.3d 777, 778 (5th Cir.1994); *Ruiz v. City of San Antonio*, 966 S.W.2d 128 (Tex.App.—Austin 1998, no pet.); *Castaneda*, 831 S.W.2d at 503; *City of Houston v. Leach*, 819 S.W.2d 185, 187 (Tex. App.—Houston [14th Dist.] 1991, no writ); and *Travis County v. Colunga*, 753 S.W.2d 716, 718 (Tex.App.—Austin 1988, writ denied). I have examined the cases cited by CCISD and do not find that they support the view that an employee's good-faith belief must be in "a law which, in fact, exists." Although the statute's protection is limited to employees who in good faith report a "violation of law," as defined by the statute, the interpretation embraced by the majority is, in my view, at odds with a liberal construction of the Act and our holding in *Castaneda* that the Act

protects an employee who in good faith reports a violation, but turns out to be wrong about the legal effect of the facts. *See Castaneda,* 831 S.W.2d at 504.

"Good faith" means that (1) the employee believed that the conduct reported was a violation of law and (2) the employee's belief was reasonable in light of the employee's training and experience. *Harris County Precinct Four Constable Dep't v. Grabowski,* 922 S.W.2d 954, 955 (Tex.1996) (citing *Wichita County v. Hart,* 917 S.W.2d 779, 784 (Tex.1996)). Although Llanes testified by deposition that she could not identify any law that had been broken, she testified that she was aware of CCISD's "equal opportunity" policy and felt that she was not given an equal opportunity. Llanes also testified that she believes policies are laws because the policies "refer back to equal opportunity, which ... is a procedure you should go by or else you have broken the law." She further stated she believed that the district's failure to follow its equal opportunity procedures would subject it to "grievances or lawsuits."

In *Grabowski,* the supreme court held that summary judgment was proper on the plaintiff's Whistleblower claim because he did not report a violation of law in good faith. *Grabowski,* 922 S.W.2d at 955. Grabowski, a deputy for a county constable, was terminated after he complained that the constable had violated the department's policies, practices, and ethics manual in the investigation of an accident. *Id.* The court of appeals held Grabowski was protected under the Act because he had a good faith belief he was reporting a violation of law. *Id.* The supreme court reversed, holding that in light of Grabowski's experience as a peace officer, his belief that the constable violated the law was not reasonable. *Id.* at 956. Although the court noted that Grabowski presented no

evidence of a law he believed was violated "other than his department's internal policies," the court's analysis and holding relies on Grabowski's failure to meet the good faith requirement because his belief was not reasonable in light of his experience and training. *Id.*

I would adopt the approach embraced by the supreme court in *Grabowski* and analyze Llanes's claims in light of whether, in light of her experience and training, she *reasonably* believed she was reporting a violation of law. In her response to CCISD's motion for summary judgment, Llanes attached her affidavit, in which she states that she has no formal training in the law and no experience or training in employment or school law. Llanes was employed by CCISD for fourteen years, most recently as a secretary to the associate superintendent. Llanes holds an associate degree in public administration from Del Mar College. She states in her affidavit that she believes the hiring practices engaged in by CCISD were illegal because they violated board policy and the law. Llanes further states: "I believe that violating board policy results in legal violations. In my employment with the District, it was repeatedly emphasized that board policies and procedures needed to be followed, or else, legal challenges could follow." I would hold that in light of Llanes's experience and training, her belief that she reported a violation of law was reasonable.

Indulging all reasonable inferences in Llanes's favor, I would hold that CCISD failed to establish, as a matter of law, that Llanes did not report a violation of law. I would sustain Llanes's first issue.

By her second issue, Llanes contends that the board's equal employment policy is a "law" for purposes of the Act because the policy was enacted pursuant to the Texas Education Code. The majority notes that a rule constitutes a law for purposes

of the Act if it is adopted under a statute or ordinance. *See* TEX.GOV'TCODE ANN. § 554.001(1) (Vernon Supp.2001). The majority concludes it is unnecessary to determine whether the board's policy constitutes a rule adopted pursuant to a statute because "the policy does not purport to prohibit any of the complaints raised by Llanes." The majority reasons that because Llanes does not complain of discrimination, but complains only that the hiring practices were unfair and deviated from the district's procedures, her complaints are not implicated by the equal employment policy. Although I agree it is unnecessary to decide whether the board policy is a rule pursuant to a statute for purposes of the Act, I conclude that Llanes's complaints of unfair and irregular hiring procedures are sufficiently related to the goals and objectives stated in the equal employment policy that her complaints are implicated in the policy.

Indulging all reasonable inferences in Llanes's favor, as we must, I would hold that CCISD failed to establish it is entitled to summary judgment. Accordingly, I would reverse the judgment of the trial court and remand for further proceedings.