# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00501-CV

**Patsy Henry, Appellant**

**v.**

**Texas Lottery Commission, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. GN402239, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Pasty Henry appeals from a "no evidence" summary judgment granted in favor of the Texas Lottery Commission on her Texas Whistleblower Act claims. *See* Tex. Gov't Code Ann. §§ 554.001-.010 (West 2004). In two issues, she contends that her report to the Legislative Budget Board about the Commission's practice of rehiring retired state employees constituted a good-faith report of a "violation" of a law by a state agency to an "appropriate law enforcement authority." Because we find that Henry's report to the Board about the Commission's rehiring practices was not made to an appropriate law enforcement authority as required by the Texas Whistleblower Act, we affirm the district court's judgment.

## BACKGROUND

The Texas Lottery Commission hired Patsy Henry as its deputy executive director in 1999. On November 30, 2001, the Commission placed her on involuntary administrative leave and gave her thirty days to resign or face termination. Henry resigned on December 27, 2001. She initially believed that the Commission's action was based on its disagreement with her discipline of a subordinate for inappropriate use of agency resources. She sued the Commission for gender discrimination because it took adverse employment action against her but did not take any action against a male supervisor who had similarly disciplined a subordinate. *See* Tex. Labor Code Ann. § 21.051 (West 1996).

Subsequent conversations with the Commission's finance director led Henry to believe that the Commission retaliated against her, in part, for informing the Legislative Budget Board, her prior employer, that Linda Cloud, the Commission's former executive director, had a practice of rehiring retired state employees so that they could receive both retirement benefits and a state paycheck. Henry amended her petition to add a claim under the Texas Whistleblower Act, alleging that the Commission constructively discharged her for reporting its executive director's rehiring practices to the Board.[1] *See* Tex. Gov't Code Ann. §§ 554.001-.010.

The Commission filed a no-evidence summary judgment motion on both of Henry's causes of action. After Henry filed her response, the Commission withdrew its motion as to Henry's

---

[1] The Whistleblower Act prohibits a governmental entity from taking adverse personnel action against a public employee who in good faith reports a violation of law by the employing governmental entity to an appropriate law enforcement authority. Tex. Gov't Code Ann. § 554.002(a) (West 2004).

gender-discrimination claim, but proceeded against her whistleblower claim. The district court signed an interlocutory order granting the Commission's motion. The court subsequently entered an agreed order severing the whistleblower claim and making the court's order a final judgment.

## ANALYSIS

**Standard of Review**

A party may move for summary judgment under Rule 166a(i) on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Western Investments, Inc. v. Urena*, 48 Tex. Sup. Ct. J. 556, 557 (Tex. 2005), 2005 Tex. LEXIS 301, at *5 (Tex. April 8, 2005); *Duvall v. Texas Dep't of Human Servs.*, 82 S.W.3d 474, 477 (Tex. App.—Austin 2002, no pet.). Unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact on the challenged elements, the court must grant the motion. Tex. R. Civ. P. 166a(i) & cmt. 1997; *Urena*, 48 Tex. Sup. Ct. J. at 557, 2005 Tex. LEXIS, at *5; *Duvall*, 82 S.W.3d at 477-78.

In reviewing a no-evidence claim, we view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002); *Duvall*, 82 S.W.3d at 478. If more than a scintilla of evidence exists, it is legally sufficient. *Goodman*, 80 S.W.3d at 577. Evidence is more than a scintilla when it rises to the level that would enable reasonable and fair-minded people to differ in their conclusions. *Duvall*, 82 S.W.3d at 478. But when evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its

3

existence, it is no more than a scintilla and, in legal effect, is no evidence. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Duvall*, 82 S.W.3d at 478. Because the trial court's order does not specify the grounds for granting summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 217 (Tex. 2004).

One basis for the Commission's summary judgment motion is that there is no evidence that Henry made her report about the rehiring practices to "an appropriate law enforcement authority." If Henry failed to present evidence creating more than surmise or suspicion that the Board is an appropriate law enforcement authority under the Texas Whistleblower Act, summary judgment for the Commission was proper.

## DISCUSSION

The Whistleblower Act states:

(a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse personnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

(b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law.

Tex. Gov't Code Ann. § 554.002 (West 2004). Thus, to prevail on her whistleblower claim, Henry must show that she is a public employee, she acted in good faith in making a report, the report involved a violation of law by her employing governmental entity or a public employee, the report was made to an appropriate law enforcement authority, and she suffered retaliation for making the report. *See id.*; *Duvall*, 82 S.W.3d at 478.

The Texas Supreme Court has found that the "good faith" component in sections 554.002(a) (good faith report of legal violation) and (b) (good faith belief that report is made to an appropriate law enforcement authority) has subjective and objective prongs. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320-21 (Tex. 2002). "Good faith" in the context of section 554.002(b) means:

(1) the employee believed the governmental entity was authorized to (a) regulate under or enforce the law alleged to be violated in the report, or (b) investigate or prosecute a violation of criminal law; and

(2) the employee's belief was reasonable in light of the employee's training and experience.

*Id.* at 321. To meet the objective prong for a "good faith report" under section 554.002(a), there must be some law in existence prohibiting the complained-of conduct. *Llanes v. Corpus Christi Indep. Sch. Dist.*, 64 S.W.3d 638, 642 (Tex. App.—Corpus Christi 2001, pet. denied) (although employee need not identify specific law when making report, or establish actual violation of law, there must be some law prohibiting complained-of conduct to give rise to whistleblower claim). Because a similar requirement of objective reasonableness applies to the employee's "good faith

belief that the report is made to an appropriate law enforcement authority" under section 554.002(b), there must also be some law that the governmental agency is empowered to "regulate under" or "enforce" prohibiting the complained-of conduct. *See* Tex. Gov't Code Ann. § 554.002(b)(1). Thus, the existence of such a law is an element of the claim.

Henry's brief states that the Board "is a powerful entity within Texas' state government which is authorized to regulate under or enforce the law Henry believed to be implicated in this case." On appeal, Henry lists a number of statutes that she contends prohibit the Commission's rehiring practices, including one that prohibits most state employees from receiving a "salary supplement from any source unless a specific grant of authority to do so is provided by the General Appropriations Act or other law." *See* Tex. Gov't Code Ann. § 659.020 (West 2004). But Henry's summary judgment evidence did not identify any law that the Board was authorized to "regulate under or enforce" that she alleged to have been violated in her report.

Henry did not produce competent summary judgment evidence of her "subjective good faith" belief that she made her report to an appropriate law enforcement authority. In her deposition, Henry testified that she made her report about the Commission to the Board—her former employer—by calling her former subordinate. Henry did not report the Commission to anyone else at the Board. She further testified that the Board wields "influence" and sometimes calls agency officials into a "conference." She did not state that she considered such Board activities "regulation" or "enforcement," or that such activities occur pursuant to any kind of law. Henry's affidavit avers that it was her "understanding that the Legislative Budget Board . . . had the power to regulate the Texas Lottery Commission," and that she "believed that the Legislative Budget Board was an

6

authority . . . which was authorized to regulate the law [she] believed was being violated." But such conclusory statements, unsupported by facts, are not competent summary judgment evidence. *See Texas Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 314 (Tex. 1994).

Henry also failed to produce competent summary judgment evidence that her good faith belief that she made her report to an appropriate law enforcement authority was "objectively reasonable." To defeat the Commission's motion, Henry has the burden of producing more than a scintilla of evidence of the existence of a law that the Board may regulate under or enforce that prohibits the Commission's rehiring practices. Henry's response to the summary judgment motion did not provide any evidence that the Board was authorized to regulate under or enforce a law that she alleged the Commission to have violated. Although her brief cites the statutory prohibition against salary supplementation for agency employees, neither her deposition nor her affidavit mention that section of the government code, or any other law that the Board is authorized to "regulate under" or "enforce." Tex. Gov't Code Ann. §§ 554.002, 659.020. Similarly, she has not shown that the Board may "regulate under" or "enforce" any of the statutes listed in her brief in support of her claim. At best, her testimony is that the Board could "place the Commission on [a] list of agencies that violated the [unspecified] law."

After reviewing the record, we conclude that Henry's proffered evidence on the challenged element of her report "to an appropriate law enforcement authority" failed to create more than surmise or suspicion of a good-faith belief that the Board was authorized to regulate under or enforce a law that Henry alleged the Commission to have violated. Because failure to meet this element defeats Henry's whistleblower claim, we need not address her remaining point of error.

7

**CONCLUSION**

Having found that Henry's report to the Board about the Commission's rehiring practices was not made to an appropriate law enforcement authority as required by the Texas Whistleblower Act, we affirm the district court's judgment.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 8, 2005

8