NUMBER 13-06-201-CV



COURT OF APPEALS
 


THIRTEENTH DISTRICT OF TEXAS


 

CORPUS CHRISTI - EDINBURG 


 


DAVONNA W. KOEBRICK, Appellant,


v.


VICTORIA COUNTY, Appellee.

 


On appeal from the 135th District Court 


of Victoria County, Texas.

 

 

MEMORANDUM OPINION



Before Justices Yañez, Garza, and Wittig (1)


Memorandum Opinion by Justice Wittig
 

 Appellant Davonna W. Koebrick claimed she suffered a retaliatory firing because
she reported a violation of law to law enforcement authority. In two issues, she challenges
the trial court's ruling granting appellee Victoria County's no evidence motion for summary
judgment. We affirm.

 Appellant went to work for Victoria County January 31, 2000. She was hired as a
full time health inspector. Her responsibilities included inspection of septic systems and
enforcement of the county septic system order. In the course of her work, appellant cited
one Calvin Huffmaster for public health violations in Victoria County. Specifically,
Huffmaster was charged for installing an on-site sewage facility without an authorization. 
Huffmaster complained to county officials. After a closed executive session of
commissioners' court, appellant's supervisor Dr. Bain Cate, instructed or suggested
appellant drop the criminal complaint against Huffmaster. (2) Based upon her discussions
with assistant district attorney Mike Kelly, appellant confirmed the charges were
supportable and refused to dismiss the case against Huffmaster. After another executive
session, appellant was demoted, and then days later, according to her, was fired on a
pretexual basis.

 After the case was on file for two years and adequate time for discovery, appellee
filed a no-evidence motion for summary judgment. The motion challenged all elements of
appellant's then three claims. During her appeal, appellant withdrew her claims of unlawful
discharge under Sabine Pilot and intentional infliction of emotional distress. Thus, we are
presented with the remaining two issues: (1) did appellant offer proof that Victoria County
violated Tex. Gov't. Code Ann. § 554.002 by terminating appellant's employment for
reporting in good faith a violation of law by the county (or other public employee) to a law
enforcement authority; and (2) was appellant entitled to a rebuttable presumption that she
was terminated for reporting a violation of law because she was terminated not later that
the 90th day after reporting the violation of law in question?

 1. Standard of Review

 A party may move for summary judgment under Rule 166a(i) on the ground that
there is no evidence of one or more essential elements of a claim or defense on which an
adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i); Western
Investments, Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); Duvall v. Texas Dep't of
Human Servs., 82 S.W.3d 474, 477 (Tex. App.-Austin 2002, no pet.). Unless the
nonmovant produces summary judgment evidence raising a genuine issue of material fact
on the challenged elements, the court must grant the motion. Tex. R. Civ. P. 166a(i) & cmt.;
Urena, 162 S.W.3d at 548; Duvall, 82 S.W.3d at 477-78.

 In reviewing a no-evidence claim, we view the evidence in a light that tends to
support the finding of the disputed fact and disregard all evidence and inferences to the
contrary. Minyard Food Stores, Inc. v. Goodman, 80 S.W.3d 573, 577 (Tex. 2002); Duvall,
82 S.W.3d at 478. If more than a scintilla of evidence exists, it is legally sufficient.
Goodman, 80 S.W.3d at 577. Evidence is more than a scintilla when it rises to the level that
would enable reasonable and fair-minded people to differ in their conclusions. Duvall, 82
S.W.3d at 478. But when evidence offered to prove a vital fact is so weak as to do no more
than create a mere surmise or suspicion of its existence, it is no more than a scintilla and,
in legal effect, is no evidence. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex.
2004); Duvall, 82 S.W.3d at 478. Because the trial court's order does not specify the
grounds for granting summary judgment, we must affirm the summary judgment if any of
the theories presented to the trial court and preserved for appellate review are meritorious. 
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 217 (Tex. 2004). A
no-evidence summary judgment is improperly granted if the non-movant presents more than
a scintilla of probative evidence to raise a genuine issue of material fact. Lampasas v.
Spring Center, Inc., 988 S.W.2d 428, 432 (Tex. App.-Houston [14th Dist.] 1999, no pet.). 
Evidence favorable to the non-movant will be taken as true in deciding whether there is a
disputed material fact issue that precludes summary judgment. Nixon v. Mr. Property Mgmt.
Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Every reasonable inference must be indulged
in favor of the non-movant and any doubt resolved in its favor. Id. at 549.

 2. Whistleblower Act

 Appellant maintains that while acting in her official capacity as an Environmental
Health Inspector for Victoria County, she filed her affidavit for complaint against Calvin
Huffmaster for "installing an on-site sewage facility without an Authorization to Construct
from the permitting authority." Huffmaster informally protested the complaint with county
officials. Appellant's supervisor Cate then advised her that "it would be better for her if she
dropped the case against Calvin Huffmaster." Appellant confirmed that Cate really wanted
her to drop the charges by talking with her immediate supervisor, Ken Lemke. Appellant
then contacted assistant District Attorney Mike Kelly. The following day appellant told
Lemke she could not drop the charges against Huffmaster because they were valid. 
Appellant maintained the charges were valid, the county had done nothing wrong in the
complaint process, and she did not want to lose her "DR" (designated representative)
license, or put the county's authorized agent status at risk by not properly enforcing the law.

 Appellant attached considerable deposition testimony as well as a lengthy affidavit
by her to her reply to appellee's no-evidence motion. According to appellant, she
established a prima facie case that her employer directed her to perform unlawful or illegal
acts in the performance of her job duties. Appellant further argues we must view the
evidence in the light most favorable to the party resisting the motion for summary judgment. 
See Nixon 690 S.W.2d. at 549. All reasonable doubts to the existence of a genuine issue
of material fact must be resolved in favor of the nonmoving party. Black v. Victoria Lloyds
Ins. Co., 797 S.W.2d. 20, 23 (Tex. 1990). We agree. Appellant argues she established the
essential elements under Tex. Gov't. Code Ann. § 554.002 (Vernon 1994 & Supp. 2006).

 The Whistleblower Act has six elements. Id. They include:

 1. He or she is a public employee;


 2. He or she acted in good faith;


 3. His or her report involved a violation of law;


 4. The violation of law was by the employing governmental agency or another public
employee;


 5. He or she made his or her report to the appropriate law enforcement authority;
and


 6. He or she suffered retaliation as a result of making the report. 


Housing Authority of City of El Paso v. Rangel, 131 S.W.3d 542, 546 (Tex. App.-El Paso
2004, rev'd & rem'd by agreement); see also Duvall, 82 S.W.3d at 478 (listing only five
elements by combining elements 3 and 4 listed above).

 Appellee argues appellant did not point out to the trial court or to us, other than in
vague generalities, what specific law was violated by Victoria County or another public
employee. To meet the objective prong for a "good faith report" under section 554.002(a),
there must be some law in existence prohibiting the complained-of conduct. Llanes v.
Corpus Christi Indep. Sch. Dist., 64 S.W.3d 638, 642 (Tex. App.-Corpus Christi 2001, pet.
denied) (although employee need not identify specific law when making report, or establish
actual violation of law, there must be some law prohibiting complained-of conduct to give
rise to whistleblower claim). However, even if we were to assume some violation of law by
Victoria County or Cate, we find no evidence that appellant made a report of that violation
to the appropriate law enforcement authority. In her own affidavit, she states: 

 I left his office [Cate's] and decided that I would contact Mike Kelly, Assistant
DA, and meet with him to discuss the validity of the complaint filed against Cal. 
My hope was to reassure Dr. Cate and the County Commissioners that the
DRs took the correct action, and that the complaint filed against Cal
Huffmaster was valid. I met with Mike Kelly on January 14, 2004, and he said
the complaint was valid.

 

In her deposition, appellant testified that both Cate and the commissioners thought appellant
had no authority to go onto the premises in question and didn't handle the complaint right. 
She continued:

 And thus [this] was the reason why in talking with Ken decided to go actually
take the case, the situation itself to Mike Kelly at the DA's office so that maybe
I could reassure Dr. Cate that we were okay. And I did that. The meeting
went well. Mike Kelly thought everything was fine.


Nowhere in the summary judgment proof submitted by appellant did she show that 

she reported a violation of law by the county or Cate to Mike Kelly or any other appropriate
law enforcement authority. (3) The entire emphasis appellant herself put on the meeting with
the assistant District Attorney was to shore up her argument with Cate and others that she
had a valid complaint against Huffmaster. Appellant did not offer proof that she reported a
violation of law by commissioners, by Cate, or other public employee. Nor is there any
evidence that Huffmaster himself was an employing governmental agency or another public
employee. Ironically Huffmaster did run for county commissioner, but was defeated. Under
the Whistleblower Act, the violation of law must be by the employing governmental agency
or another public employee. See Tex. Gov't. Code Ann. § 554.002; Duvall 82 S.W.3d at
478. Thus appellant failed to offer any evidence of an essential element under her
Whistleblower claim. 

 In a response to a no-evidence ground for summary judgment, a nonmovant need
not marshal her proof; however, her summary-judgment response needs to point out
evidence that raises a genuine issue of fact as to the challenged elements. San Saba
Energy, L.P. v. Crawford, 171 S.W.3d 323, 330 (Tex. App.-Houston [14t Dist. 2005, no pet.). 
We overrule this issue. (4)

 3. Presumption

 In her second issue, appellant asserts she is entitled to a rebuttable presumption
under section 3(b) of the Whistleblower Act that she was terminated for reporting a violation
of law because she was terminated not later than the 90th day after reporting a violation of
law. She argues specifically "she met with Assistant District Attorney Mike Kelly on January
14, 2004." She was terminated on January 30, 2004. We held in appellant's first issue, that
merely meeting with an assistant district attorney does not constitute evidence that she
reported a violation of law by her employing governmental agency or another public
employee. In her second issue, appellant does nothing more to advance her argument that
she presented some evidence on each of the required elements of the Whistleblower Act.

 The Whistleblower Act provides for a statutory presumption when applicable. It
states:

 A public employee who sues under this chapter has the burden of proof,
except that if the suspension or termination of, or adverse personnel action
against, a public employee occurs not later than the 90th day after the date on
which the employee reports a violation of law, the suspension, termination, or
adverse personnel action is presumed, subject to rebuttal, to be because the
employee made the report.


Tex. Gov't. Code Ann. § 554.004(a) (Vernon 1994 & Supp. 2006).

 Here the termination of appellant clearly occurred within the 90 day window. 
However, as a predicate for the application of this presumption, the statute clearly provides
the employee must report a violation law which necessarily must be by her employing
governmental agency or other public employee. Id.; Tex. Gov't. Code Ann. § 554.002. 
Because there is no evidence that appellant reported a violation of law by Victoria County
or other public employee, the plain language of the statute does not allow for this
presumption. This issue is overruled. 

 The judgment of the trial court is affirmed.

 

 DON WITTIG,

 Justice


Memorandum Opinion delivered and 

filed this the 30th_day of August, 2007.

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to the government code. See Tex. Gov't. Code Ann. § 74.003 (Vernon 2005).
2. Huffmaster was also a candidate for county commissioner during this time frame. He lost in his
party's primary.
3. The closest appellant came to such proof was in her own answers to interrogatories. There she
indicated Cate continuously pointed out problems with the case so she contacted Kelly to go over the case
and determine if withdrawing it was the right thing to do. If Kelly didn't believe he could win the case, "I could
then have a legal justification for withdrawing it." She went on to say she told Kelly that she was being
pressured to drop the case. Answers to interrogatories ordinarily may be used only against the party
answering the interrogatories. Hanssen v. Our Redeemer Lutheran Church, 938 S.W.2d 85, 95 (Tex.
App.-Dallas 1997, writ denied). Furthermore, in this case, appellant neither tendered her interrogatory
answers nor referred to them in her response to the motion for summary judgment.
4. Appellant tells a disappointing story about health and safety enforcement in the county. Our holding
should not be viewed as condoning the alleged conduct but rather that appellant did not satisfy the technical
legal sufficiency requirements of rule 166a(i) of the Texas Rules of Civil Procedure. See Tex. R. Civ. P.
166a(i).