ACCEPTED
03-14-00296-CV
7124072
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/28/2015 1:05:50 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00296-CV

## IN THE THIRD COURT OF APPEALS
## AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/28/2015 1:05:50 PM
JEFFREY D. KYLE
Clerk

### CITY OF BERTRAM, TEXAS
**Appellant**

### vs.

### VICKI REINHARDT
**Appellee**

_____

**Appeal From The 53rd Judicial District**
**Travis County, Texas**
**Honorable Eric M. Shepperd, Presiding**

_____

# APPELLANT'S MOTION FOR REHEARING
# AND FOR EN BANC RECONSIDERATION
# OF THE COURT'S AUGUST 12, 2015 JUDGMENT

_____

**Joanna Lippman Salinas**
**State Bar No. 00791122**
**FLETCHER, FARLEY,**
**SHIPMAN & SALINAS, L.L.P.**
**1717 W. 6th Street, Suite 300**
**Austin, Texas 78703**
**(512) 476-5300**
**FAX (512) 476-5771**
**Email: joanna.salinas@fletcherfarley.com**

**Attorneys for Appellant,**
**City of Bertram, Texas**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..........................................................................................i

INDEX OF AUTHORITIES .............................................................................ii-iii

INTRODUCTION ..............................................................................................2

ISSUE PRESENTED FOR REVIEW ...............................................................3

ARGUMENT......................................................................................................3

CONCLUSION ..................................................................................................12

PRAYER ...........................................................................................................12

CERTIFICATE OF SERVICE.........................................................................13

CERTIFICATE OF COMPLIANCE................................................................13

# INDEX OF AUTHORITIES

*City of El Paso v. Heinrich* 284 S.W.3d 366 (Tex. 2009) ......................................11

*City of Elsa v. Gonzalez,* 325 S.W.3d 622 (Tex.2010)...................................................7

*City of Fritch v. Coker,* No. 07-13-00287-CV, 2014 Tex. App. WL 812915
(Tex. App.-Amarillo February 27, 2014, pet. denied ............................................6,7

*Dolcefino v. Randolph,* 19 S.W.3d 906 (Tex.App.-Houston [14th Dist.] 2000,
pet. denied) ........................................................................................................7

*Elizondo v. Krist,* 415 S..W.3d 259 (Tex. 2013) .....................................................5

*Gardner vs. Abbott,* 414 S.W.3d 369 (Tex.App.-Austin 2013, no pet.)................5,6

*In re Lipsky*, 460 S.W.3d 579 (Tex. 2015) .................................................................5

*Llanes v. Corpus Christi Indep. Sch. Dist*., 64 S.W.3d 638
(Tex.App.-Corpus Christi 2001, pet. denied) ............................................................10

*Texas Dept. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217 (Tex. 2004) ...........11

*Univ. of Houston v. Barth,* 403 S.W.3d 851 (Tex. 2013) .......................................10

*Wadewitz v. Montgomery,* 951 S.W.2d 464 (Tex. 1997)..........................................5

*Weech v. Baptist Health Sys.,* 392 S.W.3d 821 (Tex.App.-San Antonio 2012,
no pet.) ...............................................................................................................5

*Willis v. Kimmel*, No. 13-05-00257-CV, 2007 Tex.App. WL 1629951
(Tex.App.-Corpus Christi June 7, 2007, no pet.) ..................................................7,8

TEX. GOV'T CODE Chapter 554 ..............................................................................2

TEX. GOV'T CODE §554.001 ................................................................................10

TEX. R. APP. P., Rule 41.2........................................................................................2

TEX. R. CIV. P., Rule 166a ....................................................................................5

TEX. PENAL CODE, §37.10 ..........................................................................8,9,11

No. 03-14-00296-CV

IN THE THIRD COURT OF APPEALS
AT AUSTIN, TEXAS

_____

CITY OF BERTRAM, TEXAS
Appellant

vs.

VICKI REINHARDT
Appellee

_____

Appeal From The 53rd Judicial District
Travis County, Texas
Honorable Eric M. Shepperd, Presiding

_____

# APPELLANT'S MOTION FOR REHEARING AND FOR EN BANC RECONSIDERATION OF THE COURT'S AUGUST 12, 2015 JUDGMENT

_____

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Appellant City of Bertram, Texas and submits this Motion for Rehearing and for en Banc Reconsideration of this Court's August 12, 2015 Judgment, generally upholding the Order of the 53rd Judicial District denying the City of Bertram's Plea to the Jurisdiction. Appellant asks this Court to withdraw the August 12, 2015 Opinion and Judgment, reverse the Trial Court's Order, and to render judgment in favor of the City of Bertram.

1

## INTRODUCTION

Former employee Vicki Reinhardt files suit against the City of Bertram under the Texas Whistleblower Act, TEX. GOV'T CODE Chapter 554. The City filed a Plea to the Jurisdiction and Motion for Summary Judgment that the Trial Court denied. Denial of the Plea was timely appealed.

On August 12, 2015, a Panel consisting of the Honorable Puryear, Pemberton and Field, issued a Memorandum Opinion remanding the matter to the Trial Court with respect to the exhaustion of remedies issue, but otherwise upholding the Plea denial. On August 28, 2015, the Court granted Appellant an extension of time to September 28, 2015 to ask the Court for Rehearing and for En Banc Reconsideration.

While en banc consideration of a case is generally not favored (Rule 41.2(c), TEX. R. APP. P.), consideration is warranted in this matter to maintain uniformity of the Court's decisions, internally and consistent with the decisions of other appellate courts and the dictates of the Texas Supreme Court. Additionally, the decision is of critical importance to the jurisprudence of this State, as the current ruling allows a claimant to deprive a government entity of its sovereign immunity by merely making conclusory and factually unsupported allegations to support each element of her cause of action.

## ISSUE PRESENTED FOR REVIEW

The Court of Appeals Panel erred in allowing a conclusory and factually unsupported affidavit that does not establish the required Whistleblower Act elements to create a fact issue, improperly depriving the City of Bertram of its sovereign immunity.

## ARGUMENT

A factually unsupported and conclusory affidavit is not enough to raise a fact issue. The City of Bertram asserted its Plea to the Jurisdiction largely relying on the deposition testimony of Appellee Reinhardt to establish that she could not establish the required elements of a Texas Whistleblower Act cause of action. The Memorandum Opinion undermines the Plea to Jurisdiction process and purpose and contradicts well-settled law by allowing a conclusory affidavit and no probative factual evidence be enough to raise a fact question with respect to the required elements of the Whistleblower cause of action. Specifically, Reinhardt failed to offer probative evidence that she made a good faith report of illegal activity to a law enforcement authority. Reinhardt's deposition testimony details the parameters of her knowledge and recollections, and establishes that the required elements cannot be met, but the Court allows a conclusory affidavit to raise a fact question.

THE DEPOSITION TESTIMONY: Reinhardt testified that she was asked by the City of Bertram Mayor to prepare a financial document for a loan process; a process that would involve creating a financial report, rather than just printing from the accounting software program. (CR 56) Reinhardt claims that she did not feel comfortable creating a financial document and she declined to do so. (CR 56-57) Reinhardt could not recall what she was asked to reflect in the requested financial report or if the Mayor identified what she wanted when they spoke. (CR 57, 72) Reinhardt does not know what information was represented in the financial reports that were ultimately prepared and submitted by the City, so she has no idea if they accurately represented the City's financial position. (CR 58, 59)

THE AFFIDAVIT TESTIMONY: In her Affidavit filed in response to the City's Plea, Reinhardt was suddenly able to recall that she was asked to create a "false" financial report that did not reflect the City's financial records. (CR 151) Reinhardt provides no other details, information or documentation to support this general allegation. Reinhardt claims that in February 2012 she reported to the Chief of Police that in July 2011 the Mayor had asked her to create a false financial report and that she had refused. (CR 151)

"Bare, baseless opinions do not create fact questions…" reminded the Texas Supreme Court earlier this year. *In re Lipsky*, 460 S.W.3d 579, 592 (Tex. 2015)(orig. proceeding)(citing with support *Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013)("Conclusory statement[s] ... [are] insufficient to create a question of fact to defeat summary judgment.")).

A conclusory statement is one that does not provide the underlying facts in order to support the conclusion offered. *See Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 826 (Tex.App.—San Antonio 2012, no pet.). A conclusory affidavit does not meet the requirements of Rule 166a(c), TEX. R. CIV. P., because it is not credible or susceptible to being readily controverted. *See, e.g., Wadewitz v. Montgomery,* 951 S.W.2d 464, 466 (Tex. 1997)(addressing the requirements of expert affidavits with respect to the same rules that are applied to affidavits from interested witnesses).

The Austin Court of Appeals previously discussed the insignificance of conclusory testimony unsupported by facts in *Gardner v. Abbott,* 414 S.W.3d 369 (Tex.App.—Austin 2013, no pet.). The Court held that testimony by an employee in a hostile work environment that did not provide sufficient facts or details about the alleged circumstance was conclusory and insufficient to raise a fact issue. *Id at 384* (rejecting as conclusory, testimony that the claimant was subjected to more excessive scrutiny than other employees and that the individual regularly harassed

him).[1] The Panel's Opinion, by accepting Reinhardt's Affidavit as probative evidence of the elements of her claim, directly contradicts this opinion.

The Panel's opinion even more directly contradicts *City of Fritch v. Coker*, No. 07-13-00287-CV, 2014 Tex. App. WL 812915 (Tex.App.—Amarillo February 27, 2014, pet. denied.). This is a Whistleblower Act case where the Court ultimately held that a conclusory statement about reporting a violation of law was not sufficient to preclude dismissal for want of jurisdiction. *Id.*

In *Coker*, the Amarillo Court of Appeals held that an employee affidavit did not support the claim he had a good faith belief that the law was violated when his affidavit merely claimed that the City Manager had lied and that the City did not follow proper procedure, acted illegally, and violated a citizen's civil rights, but made these accusations without providing any supporting facts. As noted by the

---

[1] In a footnote, provided in support of this assessment, the Court stated:

> However, even without an objection, conclusory opinion testimony is not evidence that could support a judgment. *See, e.g., City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex.2009) ("Bare, baseless opinions will not support a judgment even if there is no objection to their admission in evidence."); *Coastal Transp. Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004)(observing that "conclusory or speculative" opinions are " 'incompetent evidence' ... [that] cannot support a judgment"); *Dallas Ry. & Terminal Co. v. Gossett*, 156 Tex. 252, 294 S.W.2d 377, 380 (1956)( "It is well settled that the naked and unsupported opinion or conclusion of a witness does not constitute evidence of probative force and will not support a jury finding even when admitted without objection."); *Casualty Underwriters v. Rhone*, 134 Tex. 50, 132 S.W.2d 97, 99 (1939)(holding that "bare conclusions" of lay fact witnesses did not "amount to any evidence at all," and that "the fact that they were admitted without objection add[ed] nothing to their probative force"). **We agree with [the employee] that testimony is not conclusory when it recites some facts and gives details that can be rebutted**.

*Id at f.n. 19 (emphasis added).*

6

Court, "As conclusory statements without any underlying factual basis in the record, they raise no issue of fact that would, as a matter of law, support the conclusion that the trial court had jurisdiction." *Id.*

*Coker* relies on *City of Elsa v. Gonzalez*, 325 S.W.3d 622 (Tex. 2010). In *Gonzalez*, the employee alleged that he had reported "illegal acts" of the mayor, without specifying what those illegal acts were, and provided no evidence of a report where he actually reported that he believed that the mayor was acting illegally. *Id at 626.*

Similarly, courts have long held that an affiant does not raise a fact issue with respect to the truth or falsity of a matter by merely stating that the matter was true or false. *Dolcefino v. Randolph*, 19 S.W.3d 906, 918 (Tex.App.—Houston [14th Dist.] 2000, pet. denied)(holding that affidavit testimony that statement was "false, defamatory, and has injured me in my profession" was conclusory and constituted no evidence the matter was false).

In contrast, a statement about truth or falsity can be admissible and not conclusory, merely by providing factual support for the same. *Compare Dolcefino, to Willis v. Kimmel*, No. 13-05-00257-CV, 2007 Tex.App. WL 1629951 (Tex.App.-Corpus Christi June 7, 2007, no pet.). In *Willis*, there was probative evidence that a statement was false when the affiant explained the basis for this statement: "Mr. Kimmel knew that this information was false because he knew that

7

he had given me the check, which he had signed, during one of our meetings at his home on or about September 2, 2002." *Id.*

The evidence offered by Reinhardt about the financial information was 1) the report was not one that could be printed from the City's financial program; 2) Reinhardt did not recall if the Mayor ever told her what was to be reflected in the report (she refused before they got that far); 3) she does not know if what was ultimately presented in the submitted financial report was accurate; and 4) a conclusory Affidavit statement that she was asked to prepare a "false" financial report.

Reinhardt's deposition testimony clearly indicates that she had no idea what she was being asked to reflect in the requested financial report and she does not know if she ever did. Her concern was that the document would have to be "created," not printed. The Affidavit testimony that she was being asked to prepare financial statements that were "false" without any details, factual support or explanation, are conclusory statements that cannot be readily controverted or even investigated. The only evidence of "falsity" offered by Reinhardt is that the report could not be printed directly from the financial software system.

The Panel notes that a fact-finder could find that the Mayor asked her to create financial statements that "departed from the true and actual accounting figures" in the City's financial system, citing the TEX. PENAL CODE §37.10(a). This

provision criminalizes knowingly falsely altering, making, or presenting a government record. *Id.* This crime centers on ***falsity*** of an actual record, not the ***creating or requesting the creation*** of government documents. Without probative evidence of the falsity of documents presented there is no crime.

However, Reinhardt admitted that she did not know what she was being asked to present in the document, just that it could not be printed off the financial system. Without the conclusory statement about falsity, there is no probative evidence of a report of a violation of law. No reasonable fact-finder could infer that a financial document was illegal merely because it was created separate from an existing software program.

By allowing Reinhardt to raise a fact issue by making a conclusory affidavit statement that did not actually identify a report of a violation of law, the Panel makes it impossible for any sovereign entity to seek early dismissal of a Whistleblower Act claim. The employee can overcome every Plea with a conclusory affidavit about what was reported – one which cannot be controverted because not enough information is provided.

Additionally, Reinhardt's alleged report was not of a violation of law. This alleged report only implicates the Whistleblower Act if Reinhardt produces evidence of a good faith belief that a law actionable under the Act was violated by the conduct reported. An actionable law as statutorily defined is "a state or federal

9

statute," "an ordinance of a local governmental entity," or "a rule adopted under a statute or ordinance." TEX. GOV'T CODE, §554.001(1).

Reinhardt did not report that documents were falsified. Reinhardt does not allege and there is no evidence that the City of Bertram falsified financial documents. The undisputed evidence is that Reinhardt has no idea what documents were submitted or what they reflected. Reinhardt's alleged report to the Chief was that seven months earlier she had been requested to prepare a "false" document and she refused.

Reinhardt has never identified any statute or ordinance that prohibits or that one reasonably could believe prohibits **the request for creation** of a financial report. *See, e.g., Univ. of Houston v. Barth*, 403 S.W.3d 851, 855 (Tex. 2013). The Panel Opinion, by not requiring the same, contradicts well-established law. While courts do not require that a "law" be identified in the report, there must still be evidence produced that there was an actionable law that was allegedly violated. As the Corpus Christi Court of Appeals stated:

> Though an employee need not identify a specific law when making a report, and need not establish an actual violation of law, there must be some law prohibiting the complained of conduct to give rise to a Whistleblower claim. Otherwise, every complaint, grievance, and misbehavior could support a claim under the Act.

*Llanes v. Corpus Christi Indep. Sch. Dist.*, 64 S.W.3d 638, 642 (Tex.App.—Corpus Christi 2001, pet. denied).

10

Reinhardt fails to offer evidence that there is any "law" that could plausibly apply to her alleged report that: seven months earlier I was asked to prepare a document and I refused. TEX. PENAL CODE §37.10(a) does not prohibit the alleged request for creation of a document.

Additionally, there is no probative evidence of any adverse personnel action. Reinhardt makes conclusory statements about what she claims happened as a result of her report. The City brought forward probative evidence addressing and refuting each point and Reinhardt offered no probative evidence to controvert that proof. Other than the conclusory statements by Reinhardt that she suffered adverse action, there is no probative evidence from which a jury could find that she actually did. The Panel did not address this issue at all in its Opinion.

If all an employee has to do to overcome a Plea to the Jurisdiction is to make conclusory statements about what was reported and what happened as a result, then government entities will be unable to secure dismissal even when there is no probative evidence to support the same. It is well-settled law that when there is no admissible evidence with respect to each element of the Whistleblower Act cause of action, the fact-finder cannot infer to the contrary, and the government entity is entitled preservation of its immunity. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009); *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). The City of Bertram is entitled to its sovereign immunity.

11

## CONCLUSION

The Panel erred in failing to grant the City of Bertram's Plea to the Jurisdiction. Reinhardt offered no probative evidence of the essential elements of her claim. The Panel relied on the conclusory and factually unsupported affidavit of Reinhardt, in conflict with long-standing law. By allowing a claimant to overcome a Plea to the Jurisdiction without probative evidence, the City of Bertram is improperly deprived of its sovereign immunity.

### Prayer

Appellant City of Bertram prays that the Court grant this Motion; withdraw the August 12, 2015 Opinion and Judgment; reverse the Trial Court's Order denying the Plea to the Jurisdiction; render Judgment for the City of Bertram; and for such other and further relief to which Appellant may show itself justly entitled.

Respectfully submitted,

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas
State Bar No. 00791122
Fletcher, Farley,
Shipman & Salinas, L.L.P.
1717 W. 6th Street, Suite 300
Austin, Texas 78703
(512) 476-5300
FAX (512) 476-5771
Email: joanna.salinas@fletcherfarley.com

Attorneys for Appellant,
CITY OF BERTRAM, TEXAS

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing and attached **Appellant's Motion for Rehearing and for en Banc Reconsideration** has been provided to:

Tracy D. Cluck
**LAW OFFICE OF TRACY D. CLUCK**
P.O. Box 855
Dripping Springs, Texas 78620

Zachary P. Hudler
**ZACHARY P. HUDLER, P.C.**
P.O. Box 1728
Johnson City, Texas 78636

by Electronic Service, on September 28, 2015, in accordance with the Texas Rules of Appellate Procedure.

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 2,621 words (excluding the caption, table of contents, table of authorities, signature, proof of service, certification, certificate of compliance, and Appendix). This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ Joanna Lippman Salinas
Joanna Lippman Salinas