# IN THE SUPREME COURT OF TEXAS

════════════
No. 13-0094
════════════

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, PETITIONER,

v.

ROSAENA RESENDEZ, RESPONDENT

═══════════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS
═══════════════════════════════════════════════════════════

**PER CURIAM**

This case calls upon us to again apply the Texas Whistleblower Act. Rosaena Resendez was fired from her position at the Texas Commission on Environmental Quality (TCEQ) after she reported alleged wrongdoing to supervisors within the organization and to the office of a state senator. In *Texas Department of Human Services v. Okoli*, we recently reaffirmed that an internal report of wrongdoing does not trigger the Act's protection unless it is made directly to an authority with outward-looking law-enforcement power. *See* 440 S.W.3d 611, 616 (Tex. 2014). The court of appeals held that Resendez's internal reports were sufficient under the Act. Because that holding is inconsistent with our precedent as expressed in *Okoli*, and because Resendez's report to the senator's office does not satisfy the Act's requirements, we reverse and dismiss the case.

TCEQ administers the Texas Emissions Reduction Plan (TERP), a program that incentivizes emissions reduction, in part by providing money or rebates to individuals to replace certain high-emission vehicles. Resendez, a thirty-four-year TCEQ employee, was assigned to investigate the whereabouts of a vehicle purchased with TERP funds. When she learned the owner of the vehicle had been deported to Mexico, she told supervisor Steve Dayton that individuals who were in the country illegally were receiving TERP funds. According to Resendez, Dayton indicated he was aware of the problem but seemed reluctant to address it. The next day she presented the issue to Joe Walton, another supervisor. Walton, she claims, told her to "drop it." Soon after, he wrote a disciplinary report, stating Resendez was "argumentative" in her conversations with him and with Dayton. In the following months, Resendez was written up multiple times for being "disrespectful and unprofessional," in what she claims were "false indictments." She was ultimately placed on probation.

In the weeks before the end of her probation period, Resendez claims she met with David Brymer, a TCEQ director, and attempted to discuss the conversations she had with Walton and Dayton. Brymer was unreceptive. Finally, she claims she reported the issue and the discussions with her supervisors to Senator Juan "Chuy" Hinojosa's office. Days later, she was terminated.

Resendez sued TCEQ under the Whistleblower Act, which waives a state agency's sovereign immunity from suit for retaliatory discharge under certain circumstances. TEX. GOV'T CODE § 554.0035. TCEQ filed a plea to the jurisdiction, asserting Resendez's reports were merely internal policy recommendations, not reports to an appropriate law-enforcement authority as required by the Act. The trial court sustained the plea and dismissed the case. Resendez appealed.

The court of appeals reversed. It held that by reporting Dayton's and Walton's failures to act on fraud occurring within the TERP program to Brymer, Resendez presented a fact issue on the two disputed elements of a whistleblower claim: (1) whether she had a good-faith belief that Dayton and Walton violated the law, and (2) whether Brymer was an appropriate law-enforcement authority. *Tex. Comm'n on Envtl. Quality v. Resendez*, 391 S.W.3d 312, 325, 327 (Tex. App.—Austin 2012).

For the Whistleblower Act to apply, a public employee must have made a good-faith report of a violation of law by a public employee to an "appropriate law[-]enforcement authority." TEX. GOV'T CODE § 554.002(a). We recently decided *Texas Department of Human Services v. Okoli*, in which we held internal reports of wrongdoing do not satisfy this requirement, even where agency policy is to forward the reports to the agency's enforcement arm. 440 S.W.3d at 616–17. Under this Court's interpretation of the Act in *Okoli* and other cases, a supervisor like Brymer is not an appropriate law-enforcement authority, and neither is Senator Hinojosa.

Texas Government Code section 321 criminalizes the failure of a state agency's "administrative head" to report fraud or misappropriation of funds if there is reasonable cause to believe that such has taken place. TEX. GOV'T CODE §§ 321.019, 321.022(a). Resendez contends that Walton, Dayton, and Brymer violated section 321 when they failed to act once she reported the TERP fraud to them. She argues that she triggered the Whistleblower Act's protection when she reported their alleged violations to Brymer and then to Senator Hinojosa's office.

Under the Act, a report is deemed to be to an appropriate law-enforcement authority if the employee in good faith believes the reported-to entity is authorized to regulate under or enforce the law, or investigate or prosecute a violation of criminal law. TEX. GOV'T CODE § 554.002(b). A good-

3

faith belief requires a subjective, actual belief that the entity has enforcement or investigatory authority, and that the belief is objectively reasonable in light of the employee's training and experience. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320–21 (Tex. 2002). Even if Resendez subjectively believed that Brymer and Senator Hinojosa had authority to investigate her supervisors' purported illegalities, Resendez fails to satisfy the objective requirement.

Brymer, as the director of TCEQ's Air Quality Division, may have had authority to regulate activities within that division and may have had the power to enforce internal policy or to discipline Dayton and Walton for noncompliance. Internal-compliance authority, however, cannot support a good-faith belief that Brymer had the power to enforce the Government Code's fraud-reporting provisions or to pursue criminal charges. *See Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 687–88 (Tex. 2013) (holding belief that supervisor charged only with internal-compliance authority was appropriate law-enforcement authority was not objectively reasonable); *State v. Lueck*, 290 S.W.3d 876, 885–86 (Tex. 2009) (holding belief that TxDOT division head who could neither regulate nor enforce federal traffic regulations was appropriate law-enforcement authority could not be in good faith). Resendez's report to Brymer was an internal report up a chain of command, and we have consistently held that such reports are insufficient under the Act. *See Okoli*, 440 S.W.3d at 614 (collecting cases).

Resendez argues that TCEQ has a fraud-investigation program and a policy of cooperating with the Travis County District Attorney to investigate "fraud in the TERP program," and this provides a basis for her good-faith belief that her supervisors were appropriate law-enforcement authorities. We rejected the same argument in *Okoli*, where agency policy required that supervisors

4

forward reports of illegality to an internal Office of Inspector General. *Id.* at 616. There, the Inspector General was charged with actual prosecutorial authority, and we noted it was an appropriate law-enforcement authority under the Act. *Id.* at 614. Nonetheless, the reported-to supervisors were not law-enforcement authorities, despite their duty to forward reports. *Id.* at 615. We made clear that the report must be direct: "When an employee reports wrongdoing internally with the knowledge that the report will have to be forwarded elsewhere . . . , then the employee is not reporting '*to* an appropriate law[-]enforcement authority.'" *Id.* (emphasis and alteration in original).

Here, Resendez is even further removed from any law-enforcement authority than was the plaintiff in *Okoli*. First, no one within TCEQ's fraud-investigation program is empowered to enforce any law—allegations instead must be reported outside the organization to the district attorney. Second, the program is purposed with investigating fraud on the part of TERP-fund grantees, not with reporting omissions on the part of TCEQ employees. The Act applies only to wrongdoing by an agency or its employees, and the program's existence does not support any belief Resendez held that her supervisors could enforce Government Code section 321. *See* TEX. GOV'T CODE § 554.002(a). Third, Resendez does not assert that she had any knowledge of the program when she made her reports, and the record contains no evidence that the program was even in place during Resendez's time at TCEQ. In *Okoli*, the plaintiff at least received a memorandum spelling out that reports would be forwarded to the Inspector General. 440 S.W.3d at 612–13. Resendez's internal reports, including that to Brymer, are insufficient under the Act.

5

Any report Resendez made to Senator Hinojosa's office is likewise insufficient under the Act. Senator Hinojosa is not a law-enforcement authority, and any belief that he was is not objectively reasonable. "The Act, by its text and structure, restricts 'law[-]enforcement authority' to its commonly understood meaning." *Gentilello*, 398 S.W.3d at 689. A state senator's function is to legislate—to create law, not to enforce it. Resendez argues that as a member of the Texas Senate and the Texas Legislative Council, Senator Hinojosa had the authority to investigate activities of state agencies. Mere investigatory power is insufficient, however; the Act requires the power to investigate *criminal* violations. TEX. GOV'T CODE § 554.002(b)(2). While the Government Code violations Resendez alleges are criminal, any investigatory power Senator Hinojosa had was legislative, not prosecutorial. *See id.* § 323.006(a)(2) ("The council shall . . . conduct investigations and studies and make reports that may be considered useful to the *legislative branch* . . . .") (emphasis added). Further, Senator Hinojosa was not a member of the council when Resendez reported to his office, and his future service on the council adds nothing to her argument.

Resendez argues that she has no special legal training and that it is objectively reasonable for a layperson like herself to believe that a state senator has authority to investigate violations of law, especially fraud on the government. We find no objectively reasonable basis for the belief that a member of the Texas Legislature has the power to enforce any law or engage in a criminal investigation. Resendez's thirty-four years of service in Texas government renders any such belief all the less reasonable. Resendez fails to establish that any belief she had that the senator was an appropriate law-enforcement authority was in good faith under the Act.

6

Because Resendez cannot establish that her actions satisfy the Act's requirements, TCEQ remains immune from suit. Accordingly, and without hearing oral argument, we grant the petition for review, reverse the court of appeals' judgment, and dismiss the case. *See* TEX. R. APP. P. 59.1.

OPINION DELIVERED: November 21, 2014