# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00424-CV

**Bastrop County, Appellant**

**v.**

**Rebekah Montie, Appellee**

### FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT
### NO. 28,961, HONORABLE REVA TOWSLEE-CORBETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After Rebekah Montie was terminated from her job as a manager for an animal shelter in Bastrop County, she filed a suit against Bastrop County alleging that she was fired in violation of the Texas Whistleblower Act (the "Act"). *See* Tex. Gov't Code §§ 554.001-.010. In particular, she alleged that she was fired after she reported that her supervisor, Diane Mollaghan, who was the director for Bastrop County Animal Services, was guilty of cruelty to animals. *See* Tex. Penal Code § 42.092. In response, Bastrop County filed a plea to the jurisdiction contending that the district court did not have jurisdiction over the case because Montie did not comply with the requirements for a claim under the Act. Subsequently, the district court convened a hearing on the plea. Once the district court considered the parties' various arguments, it issued an order denying Bastrop County's plea. Bastrop County appeals the district court's ruling. *See* Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(8) (allowing party to pursue interlocutory appeal of trial court's ruling

denying plea to jurisdiction filed by governmental unit), 101.001(3) (defining "[g]overnmental unit" as including counties). We will reverse the district court's ruling but remand to allow Montie an opportunity to replead.

## STANDARD OF REVIEW AND STATUTORY FRAMEWORK

"Subject matter jurisdiction presents a question of law" that appellate courts "review de novo." *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013). Accordingly, appellate courts perform a de novo review of a trial court's ruling on a plea to the jurisdiction. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007); *see Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (explaining that "[a] plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction"). When performing this review, courts look to the plaintiff's petition to determine "whether the facts pled affirmatively demonstrate that jurisdiction exists." *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). "If the pleadings are insufficient to establish jurisdiction but do not affirmatively demonstrate an incurable defect, the plaintiff should be afforded the opportunity to replead." *Id.* at 643. However, if "the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend." *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). When, as here, *"*an action is grounded in statute, subject matter jurisdiction must be shown under the applicable statute." *Arnold v. Price*, 365 S.W.3d 455, 459 (Tex. App.—Fort Worth 2011, no pet.). Moreover, if a plea "challenges the existence of jurisdictional facts, [appellate courts] consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised." *Miranda*, 133 S.W.3d at 227. Where a challenged jurisdictional fact overlaps with

2

the merits and where "the evidence creates a fact question . . . [,] the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227-28.

In addition, the jurisdictional question at issue in this appeal involves statutory construction, which appellate courts also perform de novo. *See Texas Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). When performing this analysis, our primary objective is to give effect to the legislature's intent. *Iliff v. Iliff*, 339 S.W.3d 74, 79 (Tex. 2011); *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). In ascertaining that intent, we rely on the plain meaning of the words in the statute "unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results." *DeQueen*, 325 S.W.3d at 635, *see Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *Shumake*, 199 S.W.3d at 284. If "a statute's words are unambiguous and yield but one interpretation," we "give such statutes their plain meaning without resort to rules of construction or extrinsic aids." *Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013). Moreover, we look to the entire act and not just to "isolated portions," *20801, Inc. v. Parker*, 249 S.W.3d 392, 396 (Tex. 2008), and we read the statute as a whole, *In re Ford Motor Co.*, 442 S.W.3d 265, 280 (Tex. 2014). Furthermore, we presume that "the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind," *DeQueen*, 325 S.W.3d at 635, and we endeavor not to interpret a statute "in a manner that renders any part of the statute meaningless or superfluous," *Columbia Med. Ctr. of Los Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).

As mentioned above, this case was filed under the Act, which waives "sovereign immunity from suit for retaliatory discharge under certain circumstances," *Texas Comm'n on Envtl. Quality v. Resendez*, No. 13-0094, 2014 Tex. LEXIS 1165, at *2-3 (Tex. Nov. 21, 2014) (citing Tex. Gov't Code § 554.035), and "protects public employees who in good faith report violations of law to an appropriate law-enforcement authority," *Texas Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 612 (Tex. 2014). Stated differently, the Act "prohibits a state or local governmental entity from taking adverse personnel action against 'a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law[-]enforcement authority.'" *Id.* at 613-14 (quoting Tex. Gov't Code § 554.002(a)). In its current version, the Act provides that a report is made to an "appropriate law enforcement authority . . . if the authority is part of a state or local governmental entity or the federal government that the employee in good faith believes is authorized to: (1) regulate under or enforce the law alleged to be violated in the report; or (2) investigate or prosecute a violation of criminal law." Tex. Gov't Code § 554.002(b).

To satisfy the above requirement, a plaintiff seeking protection under the Act "must prove that the report was made to an appropriate law-enforcement authority, or that the employee had a good-faith belief that it was." *Okoli*, 440 S.W.3d at 614. "An employee's belief is in good faith if: (1) the employee believed the governmental entity qualified, and (2) the employee's belief was reasonable in light of the employee's training and experience." *Id.* The "second element is an objective one," and the employee only receives protection under the Act "if a reasonably prudent employee in similar circumstances would have believed the governmental entity to which he reported a violation of law was an appropriate law-enforcement authority." *Id.*; *see also Resendez*,

4

2014 Tex. LEXIS 1165, at *4-5 (explaining that claimant must satisfy both subjective and objective requirements); *University of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 689 (Tex. 2013) (stating that Act "restricts 'law-enforcement authority' to its commonly understood meaning"). The good-faith inquiry "turns on more than an employee's *personal* belief, however strongly felt or sincerely held." *Gentilello*, 398 S.W.3d at 683.

## DISCUSSION

On appeal, Bastrop County urges that the district court erred by denying its plea to the jurisdiction. In particular, Bastrop County argues that the district court does not have jurisdiction over Montie's claims because she did not make a report to an appropriate law-enforcement authority. In her live pleadings, Montie alleges that she made reports of the alleged criminal behavior to two members of the Bastrop County Commissioners' Court ("Commissioners' Court").[1] Moreover, Montie urges that when she made the report to the commissioners, she believed that the Commissioners' Court was an appropriate law-enforcement authority. As support for this proposition, Montie asserts that she believed that the Commissioners' Court had authority to enforce a Bastrop County ordinance

---

[1] In her deposition, Montie admitted that she did not talk to anyone in the Sheriff's Department or the District Attorney's Office about her concerns. In response to Bastrop County's plea and again on appeal, Montie has urged that there was evidence that she properly invoked the district court's jurisdiction under the Act by virtue of a "report" that she made to the following alternative "appropriate law enforcement authority": Mollaghan, who was her supervisor at the animal shelter and was also the person that Montie accused of animal cruelty. This "report," as Montie sees it, consisted of her confronting Mollaghan with concerns regarding the supervisor's management of the animal shelter. Montie further reasons that Mollaghan was an appropriate law-enforcement authority with respect to this report because the animal control department that Mollaghan headed included employees vested with authority to enforce animal-control laws. However, in the absence of any pleadings actually presenting this theory of Whistleblower liability, its validity, if any, must await further development on remand.

5

implementing the prohibition against animal cruelty set out in the Penal Code. *See* Bastrop Cnty. Rabies & Animal Control Order § 8.01 (prohibiting abandonment, abuse, or neglect of animals as specified in section 42.092 of Penal Code).

We do not believe that a reasonable employee in circumstances similar to Montie's would have believed that the Commissioners' Court was an appropriate law-enforcement authority. *See* Tex. Gov't Code § 554.002(b); *Okoli*, 440 S.W.3d at 614. Although the Commissioners' Court is imbued with various powers and responsibilities, *see* Tex. Loc. Gov't Code §§ 81.001-.034, it does not have law-enforcement authority as required by the Act, *see* Tex. Gov't Code § 554.002(b); *cf. Resendez*, 2014 Tex. LEXIS 1165, at *7-8 (rejecting idea that member of legislature qualifies as law-enforcement authority). Even though the Commissioners' Court may have oversight over the animal shelter, it does not have the authority to "regulate under or enforce" ordinances on its own or to investigate or prosecute criminal violations. *See* Tex. Gov't Code § 554.002(b). Accordingly, we "find no objectively reasonable basis for the belief that a member of the" Commissioners' Court "has the power to enforce any law or engage in a criminal investigation." *See Resendez*, 2014 Tex. App. LEXIS 1165, at *8. Furthermore, Montie's years of experience working with various animal shelters "renders any such belief all the less reasonable." *See id.* at *8-9.

For these reasons, we must conclude that Montie could not reasonably have believed that the two commissioners were an appropriate law-enforcement authority.

## CONCLUSION

Having determined that Montie could not have reasonably concluded that the two commissioners were an appropriate law-enforcement authority, we conclude that Montie was not

6

entitled to protection under the Act and reverse the order of the district court denying Bastrop County's plea to the jurisdiction. *See* Tex. Gov't Code § 554.002(a); *cf. University of Houston v. Barth*, 403 S.W.3d 851, 857-58 (Tex. 2013) (concluding that claims did not fall under protections of Act because "none of the four people that Barth reported to regarding alleged violations of the Penal Code . . . could have investigated or prosecuted criminal law violations against third parties"). However, because the pleadings do not establish that Montie's claims suffer from an incurable jurisdictional defect, we remand the case to the district court to allow Montie an opportunity to replead. *See Miranda*, 133 S.W.3d at 226-27.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Reversed & Remanded

Filed:   April 9, 2015