# NO. 12-15-00289-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SUSIE CRAWFORD,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *BURKE CENTER,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Susie Crawford appeals from the dismissal of her retaliatory discharge suit against Burke Center. In her sole issue, Crawford contends the trial court erred in granting Burke Center's plea to the jurisdiction. We affirm.

### BACKGROUND

Crawford was employed as a mental health clinician at Burke Center, a treatment facility, from April 28, 2014, until January 6, 2015. In July 2014, she became privy to information leading her to believe that a coworker had stolen property and money from a Burke Center patient. She reported it to her superiors and to Adult Protective Services. After her termination, she filed suit, initially seeking relief pursuant to Texas Health and Safety Code Section 161.134 and "any other applicable state law designed to remedy the adverse actions of which she complains." She later amended her petition to include a claim under Texas Government Code Section 554.002, the Texas Whistleblower Act. After a hearing, the trial court granted Burke Center's plea to the jurisdiction in which it claimed entitlement to sovereign immunity.

In her sole issue, Crawford contends that the trial court erred in granting Burke Center's plea to the jurisdiction. She argues that her petition states a claim under the Whistleblower Act. Specifically, she claims she was terminated in retaliation for reporting a coworker's theft from a patient of Burke Center. She further claims that Burke Center is not immune from a claim brought pursuant to the Whistleblower Act.

**Standard of Review**

Absent a waiver of sovereign immunity, a state entity cannot be sued. *See **Tex. Dep't of Transp. v. Jones***, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 225-26 (Tex. 2004). A plea questioning the trial court's jurisdiction raises a question of law that we review de novo. *Id*. at 226. In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. ***Tex. Dep't of Crim. Justice v. Miller***, 51 S.W.3d 583, 587 (Tex. 2001). The plaintiff has the burden of alleging facts sufficient to demonstrate the trial court's jurisdiction. ***Miranda***, 133 S.W.3d at 226. If the pleadings illustrate incurable defects in jurisdiction, a plea to the jurisdiction is properly granted. *Id*. at 226-27.

**Applicable Law**

Section 554.002(a) of the Texas Government Code forbids retaliation against a public employee for a good faith report of a violation of law by another public employee to an "appropriate law enforcement authority." TEX. GOV'T CODE ANN. § 554.002(a) (West 2012). Section 554.002(b) clarifies that a report is made to an appropriate law enforcement authority if the authority is a part of a governmental entity that the employee in good faith believes is authorized to "regulate under or enforce the law alleged to be violated" or "investigate or prosecute a violation of criminal law." *Id*. § 554.002(b). The Section 554.002(a) elements are jurisdictional when necessary to ascertain whether the plaintiff has adequately alleged a violation of the Whistleblower Act. ***State v. Lueck***, 290 S.W.3d 876, 881 (Tex. 2009).

A good faith belief requires (1) a subjective, actual belief that the entity has enforcement or investigatory authority, and (2) that the belief is objectively reasonable in light of the employee's training and experience. ***Tex. Comm'n on Envtl. Quality v. Resendez***, 450 S.W.3d 520, 522 (Tex. 2014) (per curiam). The reporting employee receives protection only if a

2

reasonably prudent employee in similar circumstances would have believed the governmental entity to which she reported a violation of law was an appropriate law enforcement authority. *Tex. Dep't of Human Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014). An internal report of wrongdoing does not trigger the Act's protection unless it is made directly to an authority with outward-looking law enforcement power. *Resendez*, 450 S.W.3d at 521. That entity must have authority to enforce, investigate, or prosecute violations of law against third parties outside of the entity itself, or it must have authority to promulgate regulations governing the conduct of such third parties. *McMillen v. Tex. Health & Human Servs. Comm'n*, 485 S.W.3d 427, 429 (Tex. 2016) (per curiam). Under the Act, the authority's power to "regulate under" or "enforce" must pertain to "the law alleged to be violated in the report." *Id*. Authority of the entity to enforce legal requirements or regulate conduct within the entity itself is insufficient to confer law enforcement authority status. *Univ. of Tex. Sw. Med. Ctr. v. Gentilello*, 398 S.W.3d 680, 686 (Tex. 2013).

**Analysis**

Burke Center is a community center that provides mental health and intellectual disability services. Created pursuant to the Texas Health and Safety Code, it is a governmental unit. TEX. HEALTH & SAFETY CODE ANN. § 534.001 (West Supp. 2016). Accordingly, it filed a plea to the jurisdiction claiming sovereign immunity.

In her petition, Crawford alleged that she "was required to and/or did in good faith report actual and suspected violations of law and administrative regulations to her superiors regarding another employee for stealing from a patient." She alleged that an employee of Burke Center had stolen money and property from a patient. She also filed a report with Adult Protective Services regarding that theft. Relying on those facts, Crawford alleged violations of Texas Health and Safety Code Section 161.134 and Texas Government Code Section 554.002.[1]

*Health and Safety Code Section 161.134*

Section 161.134 forbids retaliation by a hospital, mental health facility, or treatment facility against an employee for reporting a violation of law. TEX. HEALTH & SAFETY CODE ANN. § 161.134 (West Supp. 2016). Although the term "mental health facility" includes public facilities, the Texas Supreme Court has held that the legislature has not manifested a clear intent

---

[1] There is no reporter's record before us. Otherwise, we would also consider any evidence before the trial court on the issue of jurisdiction. *See Miranda*, 133 S.W.3d at 227.

3

to waive immunity.  *Ctr. for Health Care Servs. v. Quintanilla*, 121 S.W.3d 733, 735 (Tex. 2003) (per curiam).  Absent a waiver of immunity, Burke Center cannot be sued under Section 161.134.  *Id.*; *Jones*, 8 S.W.3d at 638.

*Government Code Section 554.002*

The immunity provision in the Whistleblower Act identifies two jurisdictional requirements.  It states that a public employee may sue the employing governmental entity for relief provided by the Act and "[s]overeign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."  TEX. GOV'T CODE ANN. § 554.0035 (West 2012).  Accordingly, Crawford must be a public employee and actually allege a violation of the Act for there to be a waiver from suit.  *Lueck*, 290 S.W.3d at 881.  To plead a cause of action pursuant to Section 554.002(a), Crawford must adequately allege that Burke Center retaliated against her for reporting a violation of law to an appropriate law enforcement authority or to one she in good faith believed was an appropriate law enforcement authority.  TEX. GOV'T CODE ANN. § 554.002; *Okoli*, 440 S.W.3d at 614.

The particular law the employee reported violated is critical to the determination of whether the authority is an appropriate law enforcement authority.  *McMillen*, 485 S.W.3d at 429.  "Law" as used in the Act means a state or federal statute, an ordinance of a local governmental entity, or "a rule adopted under a statute or ordinance."  TEX. GOV'T CODE ANN. § 554.001(1) (West 2012).  Crawford alleged that another employee was "stealing from a patient" and had "stolen money from a patient's bank account and household appliances."  She stated that she filed a report regarding the "employee theft."  Crawford has alleged the criminal offense of theft.  *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2016) (a person commits the offense of theft if she unlawfully appropriates property with intent to deprive the owner of property).

Crawford first reported the theft to "her superiors" at Burke Center.  Her superiors at Burke Center are not an appropriate law enforcement authority.  They cannot regulate, enforce, investigate, or prosecute penal statutes against theft.  *See Okoli*, 440 S.W.3d at 614; *Lueck*, 290 S.W.3d at 885.

Additionally, Crawford reported the theft to an investigator with Adult Protective Services (APS).  APS is a division of the Texas Department of Family and Protective Services. 40 TEX. ADMIN. CODE § 705.1001(6) (2016) (Tex. Dep't of Fam. & Protective Servs.).  It is

4

charged with investigating certain allegations of harm to individuals receiving services through certain facilities including community centers. Act of May 19, 1995, 74th Leg., R.S., ch. 303, § 14, 1995 Tex. Gen. Laws 2672, 2676 (amended 1997, 1999, 2009, 2015) (current version at TEX. HUMAN RES. CODE ANN. § 48.252 (West Supp. 2016)); *see also* TEX. HUMAN RES. CODE ANN. § 48.251(9) (West Supp. 2016).

The Department of Family and Protective Services has authority to investigate abuse, neglect, or exploitation of an elderly or disabled person and provide protective services. TEX. HUM. RES. CODE ANN. § 48.001 (West Supp. 2016). Crawford asserted that her allegations met the definition of exploitation. The Health and Human Services Commission has recently addressed the question directly. The rule currently provides that, when the alleged perpetrator is a direct provider to an individual receiving services in or from a community center, exploitation "is defined as the illegal or improper act or process of using an individual receiving services or the resources of an individual receiving services for monetary or personal benefit, profit, or gain." 40 TEX. ADMIN. CODE § 711.21(a) (2016) (Tex. Dep't of Fam. & Protective Servs.). Further, the rule currently provides that, when the perpetrator is a direct provider to an individual receiving services in a community center, the definition of exploitation specifically excludes theft as defined in Chapter 31 of the Texas Penal Code. *Id*. We note that this rule became effective September 1, 2016.

The prior version of the rule provided that "when the alleged perpetrator is an employee, agent, or contractor, exploitation is defined as the illegal or improper act or process of using a person served or the resources of a person served for monetary or personal benefit, profit, or gain." 26 TEX. REG. 2755 (2001), *amended by* 41 TEX. REG. 6218 (2016) (codified as an amendment to 40 TEX. ADMIN. CODE § 711.21 (2016)). While the current version was not in effect at the time of the events made the subject of this lawsuit, we see no policy shift by the Commission. It merely provided more specificity. Black's Law Dictionary defines "exploitation" as the act of taking advantage of something, especially the act of taking unjust advantage of another for one's own benefit. *Exploitation*, BLACK'S LAW DICTIONARY (10th ed. 2014). Criminal offenses do not necessarily fall within this definition.

Moreover, the legislature has recognized that there may be some overlap between actions that constitute exploitation and criminal activity. It has directed that, if a caseworker or her supervisor has cause to believe that an elderly person or person with a disability has been abused,

neglected, or exploited in a manner that constitutes a criminal offense, she must notify an appropriate law enforcement agency. TEX. HUM. RES. ANN. § 48.1522 (West Supp. 2016). We conclude that the theft reported by Crawford does not fall under the definition of exploitation as that term is used in the statute identifying the scope of authority of the agency to which Crawford reported.

Furthermore, the Department of Family and Protective Services has authority to *investigate* and *provide protective services* to elderly or disabled persons. TEX. HUM. RES. CODE ANN. § 48.001. At the time Crawford reported the alleged theft, the Department of Mental Health and Mental Retardation (MHMR) had the authority to review and *regulate* programs operating community centers such as Burke Center. Acts of May 26, 1995, 74th Leg., R.S., ch. 821, § 1, 1995 Tex. Gen. Laws 4193, 4194 (amended 2015) (current version at TEX. HEALTH & SAFETY CODE ANN. § 531.001(e) (West Supp. 2016) (providing that the Department of State Health Services regulates programs providing mental health services)); *see also* TEX. HEALTH & SAFETY CODE ANN. § 534.033(b) (West Supp. 2016) (The Department of State Health Services may review a community center program if it has reason to suspect a department rule violation or if it receives an allegation of client abuse.). Therefore, APS could provide protective services to the individual who was the victim of the theft. Then MHMR, had it been informed, could have reviewed Burke Center's program and determined if the facility was in compliance with MHMR rules. We find no authority for APS or MHMR to pursue allegations of crimes committed by an individual at a community center. APS did not have authority to enforce, investigate, or prosecute violations of law, including Texas's theft statute, against third parties outside of the entity itself, or have authority to promulgate regulations governing the conduct of such third parties. *See McMillen*, 485 S.W.3d at 429.

Finally, a reasonably prudent employee in similar circumstances would not have believed that either the individuals or the governmental entity to which Crawford reported the alleged theft was an appropriate law enforcement authority. *See Okoli*, 440 S.W.3d at 614. As an employee of Burke Center, Crawford was familiar with APS's role in the scheme of mental health services. It was not objectively reasonable for her to believe that her superiors or APS had the power to enforce the penal code or pursue criminal charges. *See Resendez*, 450 S.W.3d at 522. Crawford did not report to an appropriate law enforcement authority, nor could she have had a good faith belief that she did so.

The legislature has not waived immunity for governmental entities to be sued pursuant to Health and Safety Code Section 161.134. Therefore, Crawford's allegation pursuant to that section did not invoke the trial court's jurisdiction. As a matter of law, Crawford's pleadings affirmatively demonstrate that she did not allege a violation under the Whistleblower Act. Because Crawford's report was not made directly to an authority with outward-looking law enforcement power, it did not trigger the Act's protection, and Burke Center remains immune. *See* TEX. GOV'T CODE ANN. § 554.002; ***Resendez***, 450 S.W.3d at 521; ***Univ. of Houston v. Barth***, 403 S.W.3d 851, 857-58 (Tex. 2013) (per curiam). Accordingly, the trial court did not err in granting Burke Center's plea to the jurisdiction. *See **Miranda***, 133 S.W.3d at 226-27. We overrule Crawford's sole issue.

## DISPOSITION

We ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered September 30, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2016**

**NO. 12-15-00289-CV**

**SUSIE CRAWFORD,**
Appellant
V.
**BURKE CENTER,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. CV-00231-15-04)

THIS CAUSE came to be heard on the oral arguments, appellate record, and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be in all things **affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **SUSIE CRAWFORD**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*