**Vacated and Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed January 7, 2020.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00648-CV

### GALVESTON COUNTY, TEXAS, Appellant

### V.

### BONNIE QUIROGA, Appellee

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 14-CV-1289**

### MEMORANDUM OPINION

In this interlocutory appeal Galveston County, Texas ("the County") appeals the trial court's denial of its plea to the jurisdiction and motion for summary judgment. In two issues the County challenges the trial court's subject-matter jurisdiction over appellee Bonnie Quiroga's actions under the Texas Whistleblower Act and the Uniform Declaratory Judgments Act. Concluding that the trial court does not have jurisdiction over Quiroga's claims under the Uniform Declaratory

Judgments Act and one of her claims under the Whistleblower Act, we vacate the trial court's order denying the County's plea to the jurisdiction and dismiss those claims. We affirm the trial court's denial of the County's plea to the jurisdiction and motion for summary judgment on Quiroga's whistleblower claim as it pertains to alleged recordings in the Galveston County Jail.

### FACTUAL AND PROCEDURAL BACKGROUND

According to Quiroga's first amended petition, she was employed by the County for approximately thirty years before her discharge on July 24, 2014. In 2000, the County district court judges recommended Quiroga for the position of Director of Justice Administration, a position created in 1998. The Galveston County Commissioners Court appointed Quiroga to the position. As Director of Justice Administration Quiroga performed functions related to the trial judges for the District and County Courts of the County. Quiroga was appointed to her position by one or more of the trial judges, and the appointment was confirmed, and salaries appropriated, by the County Commissioners Court. On July 24, 2014, County Judge Mark A. Henry terminated Quiroga's employment.

Quiroga filed suit against the County alleging (1) the County Judge and County Commissioners Court were not authorized to terminate Quiroga; (2) Quiroga's termination was a result of retaliation in violation of the Texas Whistleblower Act; and (3) the County Commissioners Court violated the Texas Open Meetings Act. Quiroga couched her allegations against the County Commissioners as requests for declaratory relief. In requesting relief, however, Quiroga sought back wages, a certificate of county life insurance, pre- and post-judgment interest, and attorneys' fees.

The County filed a plea to the jurisdiction in which it alleged the trial court lacked subject-matter jurisdiction because (1) Quiroga's requests for declaratory

2

relief could not survive as a matter of law; and (2) Quiroga had not pleaded sufficient elements of a Texas Whistleblower Act claim. Attached to the County's plea to the jurisdiction were portions of Quiroga's pretrial deposition. In her deposition Quiroga stated that her Whistleblower Act claims were limited to two reports of allegedly illegal activities Quiroga made within 90 days of the date she was terminated. Quiroga reported to the Galveston County District Attorney that allegedly unlawful listening devices had been installed in the County Jail, and reported the unlawful use of official information to County Judge Mark Henry in his capacity as a member of the purchasing board. Quiroga confirmed in her deposition that she was not seeking reinstatement of employment.

The County sought dismissal of Quiroga's claims on sovereign immunity grounds alleging that Quiroga's claims did not waive the County's immunity from suit. After a non-evidentiary hearing, the trial court denied the County's plea to the jurisdiction and motion for summary judgment. The County filed this interlocutory appeal of the trial court's denial of its plea to the jurisdiction pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

In two issues the County contends the trial court lacked subject-matter jurisdiction over Quiroga's (1) Whistleblower Act claims; and (2) Uniform Declaratory Judgments Act claims.

## ANALYSIS

### I.     Standard of Review

Whether a trial court has subject-matter jurisdiction is a matter of law that is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226, 228 (Tex. 2004). A party may challenge the trial court's subject-matter jurisdiction

3

by filing a plea to the jurisdiction. *Id*. at 225–26. When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id*. at 226. When the plea challenges the existence of jurisdictional facts, we consider evidence submitted by the parties just as the trial court did. *Miranda*, 133 S.W.3d at 227. We take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in her favor. *Id*. at 228. In performing this review, an appellate court does not look to the merits of the case but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See id*. at 227; *Cnty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## II.    Governmental Immunity

As a political subdivision of the state, the County is immune from suit absent an express legislative waiver of immunity. *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). Immunity from suit focuses on whether the state has expressly consented to suit; when immunity exists, it deprives a trial court of subject-matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *College of the Mainland v. Meneke*, 420 S.W.3d 865, 869 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

The County uses the terms sovereign immunity and governmental immunity in its pleadings. However, they involve two distinct concepts. Sovereign immunity refers to the State's immunity from suit and liability. *Fed. Sign v. Tex. S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976). Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts. *City of LaPorte v. Barfield*,

898 S.W.2d 288, 291 (Tex. 1995).

Counties, as political subdivisions of the State, have governmental immunity from suits for damages unless the immunity has been waived. *City of Houston v. Houston Mun. Employees Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018). Immunity "shield[s] the public from the costs and consequences of improvident actions of their governments." *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 371 (Tex. 2009) ("[S]uits for contract damages against the state are generally barred by immunity[.]"). Private parties cannot circumvent sovereign immunity from suit by characterizing a suit for money damages as a declaratory-judgment claim. *Texas Nat. Res. Conservation Com'n v. IT-Davy*, 74 S.W.3d 849, 856 (Tex. 2002).

In its first issue on appeal the County contends that Quiroga's Whistleblower Act claims are foreclosed by governmental immunity and that the trial court erred in denying the County's plea to the jurisdiction and motion for summary judgment.

## III.   Elements of a Whistleblower Claim

The Texas Whistleblower Act is designed to enhance openness in government and to compel the government's compliance with law by protecting those who inform authorities of wrongdoing. *City of Houston v. Levingston*, 221 S.W.3d 204, 218 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Under the Whistleblower Act, "A state or local governmental entity may not suspend or terminate the employment of . . . a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority." Tex. Gov't Code Ann. § 554.002(a).

Quiroga invoked the Texas Whistleblower Act as the express legislative waiver of immunity from suit that allowed her to sue the County on her two

whistleblower claims. *See* Tex. Gov't Code Ann. § 554.0035. Under this statute, "A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter." *Id*. "Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." *Id*. In Quiroga's pleading she alleged two reports that she contends met the elements of Whistleblower Act claims thus waiving the County's immunity. In the first report Quiroga alleged:

> On the day prior to the purported July 24, firing, Plaintiff reported to District Attorney Jack Roady the fact that County Judge Mark A. Henry had caused confidential spaces (i.e., those used by defense counsel and inmates) to be 'bugged' by the installation of recording devices. Such action violated the rights of inmates to due process of law under the United States and State Constitutions, as well as the inmates' right to the assistance of counsel under United States Constitution, Amd. VI, and Texas Constitution, as well as the Texas Fair Defense Act of 2001, Texas Code of Criminal Procedure art. 26.04 and more particularly art. 26.04(b)(5).

In the second report, Quiroga alleged:

> Within 90 days of the purported firing of July 24, 2014, Plaintiff directly informed County Judge Mark A. Henry of the fact that an employee in the County Clerk's office had revealed the substance of a vendor's bid to a competing vendor, enabling that competing vendor to undercut the first bid by taking advantage of illegally revealed information. The act on the part of the county employee who revealed such information appeared to violate Texas Penal Code Sec. 39.06 (Misuse of Official Information).

The Whistleblower Act waives the County's immunity from suit for Quiroga's claims if Quiroga alleged sufficient facts to establish that she was a public employee and that she in good-faith reported a violation of law by the County or another public employee to an appropriate law enforcement authority. *See* Tex. Gov't Code Ann. § 554.002; *Lueck*, 290 S.W.3d at 882–83. It is undisputed that

Quiroga was a County employee.

In its plea to the jurisdiction and motion for summary judgment the County argued that Quiroga's jail recordings report failed to allege a violation of law under the Whistleblower Act. The County argued that in Quiroga's misuse of information report she failed to make a report to an appropriate law enforcement authority. We first turn to the County's challenge to Quiroga's jail recordings report.

**A.     Quiroga met the requirement of reporting a violation of law when she reported that the County Judge had placed listening devices in confidential spaces in the County Jail.**

Resolution of this issue turns on whether the conduct of which Quiroga complained amounts to a violation of law as required under section 554.002(a) of the Texas Government Code. The County argues that in Quiroga's jail recordings report she did not allege a violation of the type of law the Whistleblower Act envisions.

Although an employee need not establish an actual violation of law to maintain a whistleblower claim, there must be some law prohibiting the complained of conduct to give rise to a claim under the Whistleblower Act. *Llanes v. Corpus Christi Indep. Sch. Dist.*, 64 S.W.3d 638, 642 (Tex. App.—Corpus Christi 2001, pet. denied). To make a good-faith report of a violation, (1) the employee must believe that the reported conduct violated the law; and (2) that belief must be reasonable in light of the employee's training and experience. *Wichita Cnty. v. Hart*, 917 S.W.2d 779, 783–84 (Tex. 1996). The Whistleblower Act defines "law" to mean: (1) a state or federal statute, (2) an ordinance of a local governmental entity, or (3) a rule adopted under a statute or ordinance. Tex. Gov't Code Ann. § 554.001(1). The phrase "reports a violation of the law" has been interpreted to include "any disclosure of information regarding a public servant's employer tending to directly or

7

circumstantially prove the substance of a violation of criminal or civil law, the State or Federal Constitution, statutes, administrative rules or regulations." *Llanes*, 64 S.W.3d at 642.

In Quiroga's report to the Galveston County Criminal District Attorney, Quiroga alleged that the County Judge was violating the law by the installation of recording devices in confidential spaces in the County Jail; specifically violating "rights of inmates to due process of law under the United States and State Constitutions, as well as the inmates' right to the assistance of counsel under United States Constitution, Amd. VI, and Texas Constitution, as well as the Texas Fair Defense Act of 2001, Texas Code of Criminal Procedure art. 26.04 and more particularly art. 26.04(b)(5)." In its plea to the jurisdiction, the County argued, "neither the Texas Constitution nor the Texas Code of Criminal Procedure fall within the Act's definition of 'law'[1] because neither are statutes, government ordinances or rules adopted by statute or ordinance."

Quiroga reported that the County Judge was recording jail conversations in confidential spaces in violation of the United States and Texas Constitutions and article 26.04 of the Code of Criminal Procedure. Article 26.04 provides that the judges of county courts, statutory county courts, and district courts trying criminal cases shall "ensure that each indigent defendant in the county who is charged with a

---

[1] In 1965 the legislature passed an act establishing and adopting the Code of Criminal Procedure. Act of May 27, 1965, 59th Leg., R.S., ch. 722, [2] 1965 Tex. Gen. Laws 317 (Senate Bill 107; since amended). The Code Construction Act, Tex. Gov't Code Ann. §§ 311.001–.035, uses the word "statute" throughout to refer to the underlying parts of the state's continuing statutory revision program, and specifically refers in section 311.025 to statutes as being enacted by a bill. Tex. Gov't Code Ann. § 311.025(d). The Texas Constitution provides, "No law shall be passed, except by bill . . . ." Tex. Const. art. V, § 30. We conclude that the Code of Criminal Procedure is a state statute and, therefore, a "law" for the purposes of the Whistleblower Act.

Because Quiroga has alleged a violation of a state statute, which is a "law" for the purposes of the Whistleblower Act, we need not reach the issue of whether the Texas Constitution is also a "law" for the purposes of the Whistleblower Act.

misdemeanor punishable by confinement or with a felony and who appears in court without counsel has an opportunity to confer with appointed counsel before the commencement of judicial proceedings." Tex. Code Crim. Proc. Ann. art. 26.04(b)(3). Article 26.04 further provides that the judges "ensure that each attorney appointed from a public appointment list to represent an indigent defendant perform the attorney's duty owed to the defendant in accordance with the adopted procedures, the requirements of this code, and applicable rules of ethics[.]" *Id.* at 26.04(b)(5).

Attorneys owe an ethical duty to their clients to maintain confidentiality. *See* Tex. Disciplinary R. Prof. Conduct 1.05(a).[2] The attorney-client privilege is intended to allow unrestrained communication and contact between the attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed, voluntarily or involuntarily, in any legal proceeding. *Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex. 1996). The scope of the attorney-client privilege is defined by the Texas Rules of Evidence. *See* Tex. R. Evid. 503.[3] Rule 503 protects confidential communications "made for the purpose of facilitating the rendition of professional legal services to the client." Tex. R. Evid. 503(b)(1); *Huie*, 922 S.W.2d at 922; *In re ExxonMobil Corp.*, 97 S.W.3d 353, 357 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Article 26.04 of the Code of Criminal Procedure requires judges to ensure that appointed attorneys in criminal cases perform their duties to their clients under the rules of ethics.

Installation of listening devices in the County Jail in areas where attorneys are

---

[2] The Disciplinary Rules of Professional Conduct are rules adopted under a statute. *See* Tex. Gov't Code Ann. §§ 81.024; 81.072

[3] The Rules of Evidence are rules adopted under a statute. *See* Tex. Gov't Code Ann. § 22.109.

to speak confidentially with their clients could be considered a violation of the judges' duty to ensure that appointed attorneys meet their ethical obligations to their clients. It was reasonable for Quiroga to believe in her experience that such installation of the recording devices violated the law.

Quiroga had a good-faith belief that the County Judge violated the judges' responsibility to ensure that appointed attorneys perform their duties to their clients. Quiroga further alleged violations of the Rules of Disciplinary Conduct and the Rules of Evidence, which are rules adopted under statutes. *See* Tex. Gov't Code §§ 22.004; 81.024; 81.072. Therefore, she pleaded a valid Whistleblower Act claim. *See Hart*, 917 S.W.2d at 783–84.

The County further argues that Quiroga cannot establish the jurisdictional element of causation as required by the Whistleblower Act. To prove causation in a whistleblower case, a public employee must demonstrate that after she reported a violation of law, in good faith, to an appropriate law enforcement authority the employee suffered discriminatory conduct by her employer that would not have occurred when it did had the report not been made. *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 67 (Tex. 2000) (citing *Tex. Dep't of Human Servs. v. Hinds*, 904 S.W.2d 629, 633 (Tex. 1995)). In other words, to prevail on her claim, the employee must establish a "but for" causal nexus between her report of the illegal activity and the employer's prohibited conduct. *Texas Natural Resource Conservation Com'n v. McDill*, 914 S.W.2d 718, 723 (Tex. App.—Austin 1996, no writ).

Quiroga alleged in her pleadings that her employment was terminated within 90 days of her report to the District Attorney. The Whistleblower Act allows for a presumption, "subject to rebuttal," of the causal connection if the employee is terminated or suspended not later than 90 days after the reported violation of law. Tex. Gov't Code Ann. § 554.004(a). The County argues that it has substantially

rebutted this presumption because she "has no evidence" that the County Judge knew about her alleged report regarding jail recording devices or of an unlawful motive by Commissioners Court.

As noted above, in reviewing the trial court's denial of a plea to the jurisdiction, we take as true all evidence favorable to the claimant, and we indulge all reasonable inferences in her favor. *Miranda*, 133 S.W.3d at 227. Our task is not to determine whether Quiroga will ultimately win or lose her Whistleblower Act claim; rather, this court's task is to examine the facts pleaded and to determine whether those facts support jurisdiction in the trial court. *See Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 771 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Quiroga sufficiently alleged causation under the Whistleblower Act by alleging that she was terminated within 90 days of making the report to the District Attorney. Therefore, accepting the factual allegations in Quiroga's pleadings as true, we conclude Quiroga has pleaded sufficient facts to support the presumption of causation under the Whistleblower Act. With regard to Quiroga's allegation that the County Judge improperly recorded conversations in confidential spaces in the jail we conclude the trial court properly denied the County's plea to the jurisdiction and motion for summary judgment. Accordingly, we overrule the County's first issue.

**B.    Quiroga did not report the alleged misuse of information to an appropriate law enforcement authority.**

The County next contends that when Quiroga reported the alleged misuse of information she failed to report the alleged violation to an appropriate law enforcement authority. In her pleadings Quiroga alleged that within 90 days of her termination, she "directly informed County Judge Mark A. Henry an employee in the County Clerk's office had revealed the substance of a vendor's bid to a

competing vendor, enabling that competing vendor to undercut the first bid by taking advantage of illegally revealed information."

The County does not dispute that Quiroga alleged a report of a violation of law. Quiroga alleged a violation of section 39.06 of the Texas Penal Code proscribing misuse of official information. The County argues that Quiroga failed to make her report to "an appropriate law enforcement authority." We agree.

The supreme court has held that "an appropriate law-enforcement authority must be actually responsible for regulating under or enforcing the law allegedly violated." *Univ. of Texas Sw. Med. Ctr. at Dallas v. Gentilello*, 398 S.W.3d 680, 685 (Tex. 2013). The Legislature has provided the following definition or description of an "appropriate law enforcement authority" under the Whistleblower Act:

> [A] report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:
>
> (1) regulate under or enforce the law alleged to be violated in the report; or
>
> (2) investigate or prosecute a violation of criminal law.

Tex. Gov't Code Ann. § 554.002(b).

The definition focuses on the claimant's good-faith belief regarding the attributes of the governmental entity that the reported-to "authority" is "part of," as opposed to "the specific individual to whom the report is made." *Gentilello*, 398 S.W.3d at 686. The relevant governmental entity that the County Judge is "part of" is the County Commissioners Court.

The requirement of a good-faith belief that the governmental entity possesses the required attributes incorporates both a subjective and objective component; i.e., an actual belief that must also be objectively reasonable in light of the claimant's

training and experience. *Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 320 (Tex. 2002). The claimant must in good faith believe that the relevant entity is statutorily empowered to regulate under or enforce the actual law allegedly violated or to investigate or prosecute a criminal violation. *Gentilello*, 398 S.W.3d at 685–86.

In this case, Quiroga asserts that the conduct she divulged to the County Judge represented a good-faith report that a county employee had violated section 39.06 of the Penal Code—"misuse of official information"—which makes it a crime for "[a] public servant . . . in reliance on information to which the public servant has access by virtue of the person's office or employment and that has not been made public" to acquire or aid "another to acquire a pecuniary interest in any property, transaction, or enterprise that may be affected by the information[.]" Tex. Pen. Code Ann. § 39.06. Accordingly, the relevant inquiry regarding the appropriate-law-enforcement-authority element here is whether Quiroga presented facts that would demonstrate that Quiroga in "good faith" believed the County Judge is empowered to "regulate under or enforce" Penal Code section 39.06, or to "investigate or prosecute" criminal offenses in the sense these terms are used in the Whistleblower Act. *See Gentilello*, 398 S.W.3d at 687.

Quiroga's live pleadings do not allege specific facts that could meet this burden. Quiroga did not assert in her pleadings whether the County Judge was authorized to regulate under or enforce the law alleged to be violated or is authorized to investigate or prosecute a violation of criminal law. Accordingly, Quiroga must rely on evidence of the required underlying facts if she is to invoke the trial court's subject-matter jurisdiction. *See City of Elsa v. Gonzalez*, 325 S.W.3d 622, 626 (Tex. 2010). In Quiroga's deposition, excerpts of which were attached to the County's plea to the jurisdiction, Quiroga stated that she made her report to the County Judge "as

13

a member of the purchasing board, not because he's county judge."

In her brief on appeal Quiroga contradicted her deposition testimony asserting she reported the misuse of information to the County Judge in his capacity as a magistrate. We conclude that even if Quiroga reported to the County Judge in his capacity as a magistrate she has not met the jurisdictional requirement of the Whistleblower Act to report to an appropriate law enforcement authority. The ordinary meaning of "appropriate law enforcement authority" denotes "an investigative or executive function" that "[t]he judicial branch does not perform." *Robertson Cnty. v. Wymola*, 17 S.W.3d 334, 341 (Tex. App.—Austin 2000, pet. denied).

The County Judge is the presiding officer of the Commissioners Court. Tex. Const. art. V, § 18(b). The Commissioners Court has both a legislative, executive, and judicial function. *Avery v. Midland County, Texas*, 390 U.S. 474, 482 (1968); *Commissioners Ct. of Titus County v. Agan*, 940 S.W.2d 77, 79 (Tex. 1997). "The County Judge is the presiding officer of the County Court and has judicial functions as provided by law." Tex. Const. art. V, § 16. The County Judge is to be "well informed in the law of the State" and a conservator of the peace. Tex. Const. art. V, § 15. But prosecutions in the county court are initiated by the county attorney. Tex. Const. art. V, § 17; Tex. Gov't Code Ann. § 41.009 ("If a district or county attorney learns that an officer in his district or county who is entrusted with the collection or safekeeping of public funds is neglecting or abusing the trust confided in him or is failing to discharge his duties under the law, the district or county attorney shall institute the proceedings that are necessary to compel the performance of the officer's duties and to preserve and protect the public interest."). In his judicial capacity as County Judge, Judge Henry might hear a dispute over which the constitutional county court had jurisdiction, but the judge himself would not

14

investigate and initiate the claim.

The County Judge and Commissioners Court are the primary legislative body of each county. Tex. Const. art. V, § 18; *Ector County v. Stringer*, 843 S.W.2d 477, 478 (Tex. 1992). But in a legislative capacity, the County Judge is not serving a law enforcement capacity. *See Texas Commn. on Envtl. Quality v. Resendez*, 450 S.W.3d 520, 523 (Tex. 2014) (report made to state senator's office was insufficient under the Whistleblower Act because a "state senator's function is to legislate—to create law, not to enforce it.); *see also Bates v. Pecos County*, 546 S.W.3d 277, 290 (Tex. App.—El Paso 2017, no pet.).

A reasonable employee in circumstances similar to Quiroga's would not have believed that the County Judge was an appropriate law-enforcement authority. *See* Tex. Gov't Code § 554.002(b); *see also Texas Department of Human Servs. v. Okoli*, 440 S.W.3d 611, 614 (Tex. 2014). We sustain the County's issue with regard to the misuse of information report made to the County Judge and conclude that Quiroga did not establish a waiver of immunity with regard to that report.

## IV. Uniform Declaratory Judgments Act Claims[4]

The County next contends that the trial court lacked subject-matter jurisdiction over Quiroga's requests for declaratory relief. In Quiroga's petition she sought a declaratory judgment (1) in an ultra vires action in which she alleges the County Judge and County Commissioners Court "were not authorized to fire, demote, or in any way discipline" her; (2) that the County trial judges were the only individuals who had authority to fire her; and (3) that the County Judge violated the Texas Open Meetings Act. In Quiroga's prayer for relief she requested:

- [B]ack wages in the amount of $152,241.91;

---

[4] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011.

15

- Certificate of county life insurance with face benefit of $50,000;
- [P]rejudgment interest as permitted by law;
- [P]ostjudgment interest as permitted by law;
- Reasonable attorneys fees for suit, trial, and appeal; and – taxable costs of court; and
- [P]rocess or decrees necessary to enforce the same.

In Quiroga's deposition she admitted she was not seeking reinstatement of employment and was only seeking monetary damages.

Quiroga does not dispute that she is seeking money damages by her suit but argues that a phrase in Government Code section 75.401 "waives sovereign immunity." Specifically, Quiroga argues that the phrase, "A court administrator is entitled to reasonable compensation" subjects the County to her damages claim. Quiroga did not seek a declaratory judgment that she was entitled to reasonable compensation under the Government Code section but seeks money damages in the form of the "reasonable compensation."

The Texas Supreme Court has held that the Uniform Declaratory Judgments Act waives sovereign immunity only when a private party requests a declaratory judgment to construe the legislative enactments of governmental entities. *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994). Quiroga did not ask the trial court to construe a legislative enactment; she merely sought monetary damages. The County's immunity therefore has not been waived. *See IT-Davy*, 74 S.W.3d at 856.

Even if a governmental entity's immunity has not been waived by the Legislature, a claim may be brought against a governmental official if the official engaged in ultra vires conduct. *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). Private parties may seek declaratory relief against state officials who allegedly act

without legal or statutory authority. *IT–Davy*, 74 S.W.3d at 855; *see also Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015) ("[A]n action to determine or protect a private party's rights against a state official who has acted without legal or statutory authority is not a suit against the State that sovereign immunity bars."). This is because suits to compel state officers to act within their official capacity do not attempt to subject the State to liability. *IT–Davy*, 74 S.W.3d at 855. Accordingly, such a claim must be brought against the state actor in the actor's official capacity because the State and its subdivisions remain immune. *Emmett*, 459 S.W.3d at 587.

Quiroga named only the County in her declaratory judgment claims for damages, not the county officials she alleged committed ultra vires acts. Because the Legislature has not waived immunity from suit for damages claims against a governmental entity, the trial court lacks jurisdiction over Quiroga's claims against the County for damages. *See IT-Davy*, 74 S.W.3d at 856. The question of whether the trial court would have jurisdiction over the individual state actors for alleged ultra vires claims is not before us. The County's issue challenging jurisdiction over the declaratory judgment claims is sustained.

## CONCLUSION

Having concluded that the trial court did not have subject-matter jurisdiction over Quiroga's declaratory judgment claims or her Whistleblower claim for misuse of public information, we vacate the portion of the trial court's order denying the County's plea to the jurisdiction and render judgment dismissing the portion of the the case as to those claims. *See* Tex. R. App. P. 43.2(e). We affirm the portion of the trial court's order denying the plea to the jurisdiction and motion for summary judgment with regard to Quiroga's remaining Whistleblower claim.

17

/s/       Jerry Zimmerer
Justice

Panel consists of Justices Wise, Zimmerer, and Spain.